DURKIN v. EVERHOT HEATER CO.

ACCORD AND SATISFACTION—WRITTEN CONTRACT OF EMPLOYMENT—
TENDER.
> Rule that an accord and satisfaction is accomplished if creditor
> keeps money tendered in full satisfaction of an unliquidated
> claim the amount of which is disputed by debtor in good faith
> and the creditor is fully informed of the condition accompany-
> ing acceptance, *held*, inapplicable where alleged tender was
> made at time when there was no good faith dispute about
> amount due under written contract of employment and em-
> ployer did not make tender in unequivocal terms.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted January 4, 1934. (Docket No. 36, Calendar No. 37,530.) Decided April 3, 1934.

Assumpsit by Thomas J. Durkin against Everhot Heater Company, a Michigan corporation, on a written contract of employment. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Frederick B. Darden* (*William W. Brashear* and *Kenneth E. Raine,* of counsel), for plaintiff.

*Warren, Hill, Hamblen, Essery & Lewis* (*Crawford S. Reilley, Charles E. Lewis* and *Thomas H. Adams,* of counsel), for defendant.

NORTH, J. On February 7, 1930, defendant, a manufacturer of water heaters, at Detroit, Michigan, employed plaintiff as a national director of its socalled home sales division for a period of 10 years beginning March 1, 1930. The written contract was

for a salary of $750 per month during the first two years and an additional provision for commission on sales; and during the remaining eight years compensation was wholly on a commission basis. In accordance with the contract plaintiff's employment began March 1, 1930. His activities were largely, if not wholly, in eastern States. He continued until September 1, 1930. Defendant, by letter dated August 27, 1930, notified plaintiff of the termination of the contract as of September 1, 1930, and inclosed with the letter a check for $375 which was the amount of plaintiff's earned salary to September 1st. In December following plaintiff filed the declaration herein, alleging defendant's breach of the contract and seeking recovery of damages. Upon trial before jury plaintiff had verdict and judgment. Defendant has appealed.

Under its plea of general issue defendant gave notice of several special defenses, including accord and satisfaction. On this latter ground defendant moved the court for a directed verdict. This motion was taken under advisement and subsequently denied incident to defendant's motion for judgment notwithstanding verdict. The defense of accord and satisfaction is principally based upon the following facts: Plaintiff's employment contemplated the trying out of a new plan of selling defendant's water heaters by means of a house-to-house canvass. Plaintiff was to organize and train sales agencies. Trial of this plan, lasting two or three months, demonstrated that it was wholly unsuccessful. It resulted in the expenditure of a substantial sum of money by defendant without the sale of a single water heater. As the result of a conference between plaintiff and defendant's representatives the house-to-house sales plan was abandoned; and thereupon

plaintiff undertook to promote sales of defendant's heaters through gas companies. This effort was likewise wholly unsuccessful. On July 18, 1930, defendant's sales manager wrote plaintiff as follows:

"When I saw you last I gave you some idea that the company was feeling your present contract with it as a burden. This, of course, would not be so had it been possible for you to accomplish something tangible. Neither would it be so bad if general business was good enough to enable the company to carry some extraordinary burdens. General business conditions are so different and the results obtained by you have been so different from anything contemplated at the time the agreement was entered into, I am wondering if you would at this time consider some kind of a revision as suggested to you the last time I saw you. Will you kindly advise?"

Again on July 24th, defendant wrote plaintiff that, owing to adverse economic conditions, executives of defendant company had voluntarily accepted decreases in salary ranging from 25 per cent. to 50 per cent. "to help meet this emergency;" and plaintiff was urged to accept a 50 per cent. salary reduction. Plaintiff replied and declined to consent to a reduction of salary. On August 27th defendant, under advice of its attorneys, wrote plaintiff at New York:

"This will constitute formal notice to you that the agreement between this company and yourself, dated as of February 7, 1930, and your employment by this company is hereby terminated as of September 1, 1930, and we are inclosing, herewith, our check to your order in the amount of $375 in full payment and satisfaction of all claims of any kind for compensation or otherwise which you may have against this company."

The inclosed check dated August 30th was in the usual form with the following notation on the back of the check: "8–30–30. Salary last half August $375." Plaintiff deposited the check to the credit of his own bank account. Before depositing the check plaintiff caused a photostatic copy to be made. It is appellant's contention that as a matter of law acceptance of the check by plaintiff forwarded under the conditions outlined in the letter of August 27th worked an accord and satisfaction; or at least that the record in this particular presents an issue of fact which should have been submitted to the jury. The trial judge ruled against each of these contentions.

Appellant asserts that plaintiff by accepting the check estopped himself from later taking the position that it was not in satisfaction of any claim for damages resulting from a breach of his employment contract by appellant.

"The applicable rule of law is, if the tender is in full satisfaction of an unliquidated claim, the amount of which is in good faith disputed by the debtor, and the creditor is fully informed of the condition accompanying acceptance, an accord and satisfaction is accomplished if the money so tendered is retained." *Shaw* v. *United Motors Products Co.,* 239 Mich. 194.

See, also, *Puffer* v. *State Mutual Rodded Fire Ins. Co. of Michigan,* 259 Mich. 698.

We think the following circumstances render the rule upon which appellant relies inapplicable to the instant case. It is not claimed nor could it be, that any dispute as to any unliquidated claim existed between these parties prior to plaintiff's receipt of the letter of August 27th. Neither prior to that time nor in the letter of August 27th did defendant assert to plaintiff a right to cancel the employment

contract within the first two years. In fact, the contract is so drawn that it is difficult to understand how one could make such a claim in good faith. Nor was there any dispute between the parties that plaintiff on September 1st was entitled to payment of a half month's salary in the amount of $375. Defendant's notation on the back of check was ''8–30–30. Salary last half August $375.'' This notation was well calculated to lead plaintiff to understand that it was a payment of salary, and nothing else. It is wholly inconsistent with the construction that defendant would have the court place upon its letter of August 27th, *i. e.*, that the check was not only intended to pay plaintiff's salary but also any other claim he might then have against the company or that he might have in the future as a result of defendant's breach of the employment contract. If defendant honestly sought an accord and satisfaction it could have and should have plainly advised plaintiff that acceptance of the $375 must be upon the express condition that it satisfied any claim for breach of the employment contract which plaintiff might otherwise assert. Plaintiff's undisputed testimony is that he did not so understand defendant's letter and: ''Had I thought so, I would not have jeopardized the valuable instrument that I thought I had.'' Not only was defendant's attitude in this matter obscured by its notation on the check as to its being a half-month's salary check, but also in the letter itself the check was referred to as being in satisfaction only of such claim or claims as ''you (the plaintiff) may have.'' The fair inference from this statement is that it referred only to present claims and not to such unliquidated damages as might in the future accrue to plaintiff incident to the breach of his employment contract.

To work an accord and satisfaction the tender of payment as being *in full* should be made in unequivocal terms, so that the creditor in accepting the conditional payment will surely do so understandingly. Often, perhaps usually, transactions of this character are between laymen, and hence the law requires that in order to accomplish an accord and satisfaction the statement that it is so intended must be clear, full and explicit. In the instant case, in one breath defendant informed plaintiff that the inclosed check was in full "satisfaction of all claims of any kind for compensation or otherwise which you may have" against defendant, but in the next breath by notation on the check inclosed it advised plaintiff the $375 check was for a half-month's salary.

"The tender of a sum less than the contract price, in settlement of a disputed claim, must be accompanied with a statement, not which may be understood by the creditor as intended to be in full settlement and satisfaction of the claim, but which must be so understood by him. That is, the statement must be so clear, full and explicit that it is not susceptible of any other interpretation. To hold otherwise would put it in the power of a sharp, shrewd business man frequently to take advantage of the ignorant, uneducated, or unwary, and open the way, in the business and commercial world, to the perpetration of frauds rather than the honest settlement of disputes." *Sanders* v. *Standard Wheel Co.*, 151 Ky. 257 (151 S. W. 674).

See, also, *Lovekin et al., Receivers of Tindel Morris Co.,* v. *Fairbanks, Morse & Co.,* 282 Pa. 100 (127 Atl. 450); *Karrick* v. *McEachern,* 55 App. D. C. 77 (2 Fed. [2d] 126); *Fuller* v. *Kemp,* 138 N. Y. 231 (33 N. E. 1034, 20 L. R. A. 785).

Review of this record satisfies us that the trial judge was correct in his ruling as to accord and satisfaction. Other questions presented by appellant's brief have been considered. We find no ground of reversible error.

Affirmed, with costs to appellee.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.