GITRE *v* KESSLER PRODUCTS CO, INC

1. RELEASE—PARTIAL RELEASE—BILLS AND NOTES—CHECKS—RESTRICTIVE CONDITIONS.

Plaintiffs' claims were barred only as to those specifically paid by a check from defendant where the check stub accompanying it read that it was the balance due plaintiffs for commission for one month and commission for the next month because, when the stub is read together with a restrictive legend on the reverse side of the check, stating "[e]ndorsement and payment of the within check constitutes a full release by the payee of all claims for commission or otherwise against the drawer and its affiliates", this would appear to restrict the scope of the release to only those commissions due and owing up to the date which defendant had notified

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 11 Am Jur 2d, Bills and Notes § 517.
[2, 3] 1 Am Jur 2d, Accord and Satisfaction § 27 *et seq.*
[4] 1 Am Jur 2d, Accord and Satisfaction § 11.

plaintiffs as the date of cancellation of a manufacturer's agency agreement between them.

2. ACCORD AND SATISFACTION—DISPUTED CLAIMS.

A claim must be disputed and then a substituted performance agreed upon and accomplished, in order to have accord and satisfaction; payment of an existing, undisputed claim does not, without more, work an accord and satisfaction as to all claims.

3. RELEASE—PARTIAL RELEASE—DISPUTED CLAIMS.

Release by plaintiffs as to commissions due under a manufacturer's agency agreement between plaintiffs and defendant applied only as to non-"house account" commissions where that defendant had unilaterally reclassified certain of plaintiffs' largest customers as "house accounts" for though plaintiffs did not agree to the conversion of those accounts it did not appear that any disputed claim arose concerning such "house account" commissions until the commencement of an action by plaintiffs against defendants to recover them and thus any claim for those converted accounts remains viable for consideration on remand to the trial court for trial.

4. ACCORD AND SATISFACTION—CONTRACTS—BILLS AND NOTES— CHECKS—RESTRICTIVE CONDITIONS—ENDORSEMENT.

Since an accord is a contract, an essential requisite is a "meeting of the minds" and whether a rubber-stamped endorsement operates as an automatic accord and satisfaction by virtue of restrictive conditions on checks and whether plaintiffs, payees of the checks, and defendants, drawers of the checks, had a "meeting of the minds" regarding the purported effect of the restrictive endorsements on the reverse side of the checks, it cannot be said, as a matter of law, that the mere rubber stamp endorsement, without more, constituted a full agreement to accept such restrictive conditions.

Appeal from Court of Appeals, Division 1, V. J. Brennan, P. J., and J. H. Gillis and Jeannette, JJ., affirming in part, reversing and remanding in part, Wayne, Harry J. Dingeman, Jr., J. Submitted May 3, 1972. (No. 9 May Term 1972, Docket Nos. 53,382, 53,383.) Decided June 20, 1972.

31 Mich App 1 reversed.

Complaint by Jerry L. Gitre and Gitre Company, Inc., against Kessler Products Co., Inc., and The Dover Molded Products Company for damages for breach of contracts and for commissions. Accelerated judgment for defendants. Plaintiffs appealed to the Court of Appeals. Affirmed in part, reversed and remanded in part. Plaintiffs appeal. Defendants cross-appeal. Reversed and remanded for trial.

*Jaffe, Snider, Raitt, Garrett & Heuer* (by *Wallace H. Glendening*), for plaintiffs.

*Vestevich, Dritsas, Evans & Vestevich,* for defendants.

T. M. KAVANAGH, C. J. This is an appeal arising out of a breach of manufacturer's agent agreements. In response to plaintiffs' complaint, defendants filed motions for accelerated judgment asserting release and accord and satisfaction. The circuit court granted the motions.

The Court of Appeals affirmed in part and reversed and remanded in part. 31 Mich App 1 (1971). We granted leave. 385 Mich 787 (1971).

In 1953 and 1960 respectively, plaintiffs entered into manufacturer's agent agreements with defendants which provided for territorially exclusive agencies, payment of commissions and cancellation upon 30 days' notice.

In 1967, defendant Kessler unilaterally reclassified one of plaintiffs' largest customers as a "house account" and discontinued payment of commissions arising therefrom. Soon thereafter, two more large accounts were likewise reclassified.

On January 8, 1968, defendant Kessler gave plaintiffs notice of cancellation of the agency agreement

as of February 15, 1968. Defendant Dover gave notice by letter of February 1, 1968, of its intent to cancel as of February 15, 1968.

Pursuant to cancellation of the contracts, defendants sent plaintiffs checks which bore the following language:

"Endorsement and payment of the within check constitutes a full release by the payee of all claims for commission or otherwise against the drawer and its affiliates." (Kessler's check.)

"Endorsement and payment of the within check constitutes a full release by the Payee of the Drawer of the within check, of all claims and demands for commissions or other compensation." (Dover's check.)

These checks were endorsed with the rubber endorsement stamp of plaintiff Gitre Company, Inc. and deposited to its account.

Plaintiffs then brought suit to recover damages for cancellation of the contracts, for lost commissions due to the conversion of the three accounts to "house accounts" and regular commissions prospectively on all accounts in plaintiffs' exclusive territory, claiming an oral modification making the agreements lifetime.

Defendants responded with motions for accelerated judgment, claiming release and accord and satisfaction. The circuit court granted the motions, holding that the checks were intended as final settlements of any and all claims plaintiffs had against defendants, and in addition that an accord and satisfaction had been worked as to all such claims.

The Court of Appeals reversed only as to the *scope* of the accord and satisfaction, holding that the claim for commissions except "house accounts" arising before February 15, 1968 was barred, and

remanded for trial as to "house account" and "lifetime agreement" issues.

Plaintiffs present three issues for review:

I. Whether the acceptance and negotiation of a check bearing restrictive conditions operates as an accord and satisfaction as to all claims where the invoices accompanying such check clearly relate to but a portion of the claim later disputed?

II. Whether the mere rubber-stamped endorsement of a check operates as an acceptance of restrictions thereon where it is not shown to be a knowing acceptance?

III. Whether the rubber-stamped endorsement of plaintiff corporation is binding upon the individual plaintiff?

The check stub accompanying the final Kessler check of March 25, 1968 is supportive of plaintiffs' argument. It merely reads:

> "January commission
> balance due                 794.26
> February commission    2,050.20"

This, when read together with the restrictive legend on the reverse side of the check, would appear to restrict the scope of the release to only those commissions due and owing up to the February 15, 1968 termination date.

Therefore, the Court of Appeals correctly concluded that as to Kessler the only claims barred were those specifically paid March 25, 1968. Though the record reveals no similar check stub in relation to the final Dover check, we conclude that a like result should obtain there.

We must, however, disagree with the Court of Appeals on the question of why such claims are barred. In order to have accord and satisfaction,

the claim must be disputed and then a substituted performance agreed upon and accomplished. *Stadler* v *Ciprian,* 265 Mich 252, 262 (1933).

Here, there was no dispute regarding the commissions actually paid and there was no substituted performance accomplished. Defendants merely paid what both sides acknowledged was due. Such payment of an existing, undisputed claim does not, without more, work an accord and satisfaction as to all claims. *Sweeney* v *Adam Groth Co,* 269 Mich 436 (1934); *Puett* v *Walker,* 332 Mich 117 (1952). Hardly could such conduct constitute an accord and satisfaction—it was a mere release as to commissions up to February 15, 1968.

We hold, however, that such release applied only to non-"house account" commissions, for though plaintiffs did not agree to the unilateral conversion of the three accounts, it does not appear that any disputed claim arose regarding such "house account" commissions until the commencement of this action. Thus, any claim for commissions on those converted accounts remains viable for consideration on remand.

As to whether a rubber-stamped endorsement operates as an automatic accord and satisfaction by virtue of restrictive conditions on a check, we note that since an accord is a contract, an essential requisite is a "meeting of the minds." *Obremski* v *Dworzanin,* 322 Mich 285 (1948). Whether these plaintiffs and defendants had a "meeting of the minds" regarding the purported effect of the restrictive endorsements on the reverse side of the checks, we could not say, as a matter of law, that the mere rubber stamp endorsement, without more, constituted a full agreement to accept such restrictive conditions.

As to the question of identity of interest, we note that defendant Dover's original contract of August 30, 1960 was with Jerry Gitre, but was replaced by a contract with Gitre Company, Inc. on February 16, 1966. The final check was drawn to the order of Gitre Company, Inc. *and* Jerry L. Gitre. However, this check was endorsed only by Gitre Company, Inc. Thus at least as far as dealings with defendant Dover were concerned, there appeared to be little serious distinction made between Jerry Gitre and Gitre Company, Inc.

Likewise, though defendant Kessler's contract of June 10, 1953 was with Jerry L. Gitre, Kessler's final check was drawn to the order of and endorsed by Gitre Company, Inc.

The meager record presented does not allow any conclusive determination as to identity of interest. Such facts could only be resolved upon trial.

We reverse the Court of Appeals and trial court and remand for trial of all disputed claims. Plaintiffs shall have costs.

ADAMS, T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, and WILLIAMS, JJ., concurred with T. M. KAVANAGH, C. J.

BLACK, J., concurred in the result.