Richard SMALL, Freddie Cox, and
Floyd R. Mann, Plaintiffs,

v.

CHEMLAWN CORPORATION,
Defendant.

No. G82–132 CA.

United States District Court,
W.D. Michigan, S.D.

April 11, 1984.

Anderson, Green & Vincent by Adrian R. Vincent, Lansing, Mich., for plaintiff Floyd R. Mann.

Sablich, Ryan, Bobay & Pollok by Steven J. Pollok, Lansing, Mich., for plaintiffs Small and Cox.

Miller, Canfield, Paddock & Stone by John D. Pirich and Brian A. Kaser, Lansing, Mich., for defendant.

## OPINION RE POST–TRIAL MOTIONS

HILLMAN, District Judge.

Plaintiffs Freddie Cox and Richard Small were employed as lawn care specialists by defendant ChemLawn Corporation. Plaintiff Floyd R. Mann was also employed by defendant ChemLawn as manager of the company's Lansing office. Mann was the immediate supervisor of Small and Cox. On March 23, 1981, the employment relationship between all three plaintiffs and ChemLawn was terminated. Plaintiffs claim that they were discharged without just cause. Defendant claims that all three resigned voluntarily. At the time plaintiffs' employment was terminated, all three signed two documents: one entitled "Acknowledgement and Release" and the other "Separation from ChemLawn." In turn, each plaintiff received a sum of money, consisting of wages due, accrued vacation pay, and severance pay.

In February, 1982, plaintiffs commenced this action claiming that ChemLawn had breached its contract of employment with each plaintiff. According to plaintiffs, each had an implied contract with ChemLawn that he would not be discharged without just cause. Defendant conceded that there had been no just cause for the alleged discharge. However, defendant disputed that any contract existed between it and any plaintiff to discharge only for just cause.

ChemLawn further claimed that each plaintiff was barred from bringing suit: first, because each plaintiff had resigned voluntarily; second, because each plaintiff had executed a valid release of any further claims against ChemLawn; and third, because each plaintiff had entered into an accord and satisfaction with defendant.

Plaintiffs countered that any alleged accord and satisfaction and/or release was not binding because it was not supported by consideration and/or was voidable be-

cause of duress. Defendant responded that the severance pay received by each plaintiff was sufficient consideration to support the alleged accord and satisfaction. Further, defendant argued that the release of contract rights in writing and signed by each plaintiff did not require consideration under M.C.L.A. § 566.1; M.S.A. § 26.-978(1). On August 26, 1983, this court ruled prior to trial that the releases signed by each plaintiff came within M.C.L.A. § 566.1; M.S.A. § 26.978(1). Therefore, the defense of no consideration was not available to plaintiffs.

On September 8 and 9, 1983, plaintiffs' case in chief was presented to the jury. At the close of plaintiffs' proofs on September 9, 1983, defendant moved for a directed verdict pursuant to Fed.R.Civ.P. 50. Defendant argued the following in support of its motion: first, that each plaintiff was required to "tender back" to defendant the money received for his "Acknowledgement and Release" as a precondition to voiding the alleged accord and satisfaction even on the grounds of duress; and second, that there was not sufficient evidence of duress to submit plaintiffs' defense of duress to the jury. The court took the motion under advisement and denied it on September 12, 1983, on the grounds that there was a jury question as to whether plaintiffs had entered into a valid accord and satisfaction with defendant, thus triggering the "tender back rule," and whether plaintiffs had established the defense of duress to the signed releases. On September 12, 1983, after ChemLawn had presented its case to the jury, all plaintiffs moved for directed verdicts, which were denied.

The case was submitted by special verdict form to the jury on September 14, 1983. A copy of the verdict form is attached. The jury found that all of the plaintiffs were discharged by ChemLawn. The jury also found that plaintiff Mann had reached an agreement or meeting of the minds with defendant, whereby he resolved his dispute with an accord and satisfaction. However, the jury found that plaintiffs Small and Cox had not entered into an accord and satisfaction with defendant;

that the release signed by each of them was obtained by duress; and that they had each sustained contractual damages. The jury awarded plaintiff Small $55,284, and plaintiff Cox $65,723.

The case is presently before the court on several post-trial motions filed by the various parties.

## MANN'S MOTION FOR NEW TRIAL

■ Plaintiff Mann has moved for a new trial and advances several arguments in support thereof. The crux of Mann's claim is that the court committed errors of law in its instructions to the jury, namely, the court's instructions on "release," "accord and satisfaction," and "requirements for avoidance of an accord and satisfaction." Error of law in jury instructions is a ground upon which the court may grant a new trial. *Dunlap v. G. & C. Towing, Inc.*, 613 F.2d 493 (4th Cir.1980); *Geller v. Markham*, 481 F.Supp. 835 (D.Conn.1979).

A. *The Applicability of M.C.L.A. § 566.1; M.S.A. § 26.978(1) to an Employment Contract.*

At defendant's request, the court gave a jury instruction based on M.C.L.A. § 566.1; M.S.A. § 26.978(1), which provides:

"An agreement hereafter made to change or modify, or to discharge in whole or in part, any contract, obligation, or interest in personal or real property, shall not be invalid because of the absence of consideration: Provided, that the agreement changing, modifying or discharging such contract, obligation, lease, mortgage, or security interest shall not be valid or binding unless it shall be in writing and signed by the party against whom it is sought to enforce the change, modification, or discharge."

■ Mann argues that the statute applies only to personal or real property agreements and not to employment or service contracts. I find this argument to be without merit. The statute, by its own terms, applies to "any contract," and does

not except employment contracts. Mann has cited no authority in support of a different interpretation, and I am persuaded that the instruction was proper. In any event, apart from the applicability of the statute, the jury found that plaintiff Mann had entered a valid accord and satisfaction with defendant ChemLawn.

### B. *Accord and Satisfaction.*

■ Mann challenges the court's instructions on accord and satisfaction. The jury's finding that Mann had entered an accord and satisfaction with defendant was fatal to Mann's recovery, since Mann had not met the requirements for the avoidance of an accord and satisfaction. Where an accord has been followed by satisfaction, a plaintiff must tender back to the defendant that which he received in return for the accord before commencing suit. This requirement is independent of any claim of voidability for fraud, duress, mistake, etc. *See Carey v. Levy,* 329 Mich. 458, 45 N.W.2d 352 (1951); *Kirl v. Zinner,* 274 Mich. 331, 264 N.W. 391 (1936); *Chapman v. Ross,* 47 Mich.App. 201, 209 N.W.2d 288 (1973). It was undisputed that Mann had not returned any part of the $4,500 he had received at the time of his discharge.

■ However, Mann claims there was no consideration to support an accord, and therefore, the court should not have instructed the jury on accord and satisfaction. Mann received $4,500 in nine weekly installments following his discharge. Part of these payments consisted of accrued vacation pay and wages. Mann was entitled to receipt of accrued vacation pay and wages pursuant to Michigan's Wages and Fringe Benefits Act. *See* M.C.L.A. § 408.-475(2); M.S.A. § 17.277(5)(2); M.C.L.A. § 408.474; M.S.A. § 17.277(4); *see also,* M.C.L.A. § 408.471(e); M.S.A. § 17.-277(1)(e). Therefore, I agree that payment of Mann's accrued wages and vacation pay would not constitute valid consideration for an accord and satisfaction.

■ The real dispute is whether Chem-Lawn's payment to Mann of severance pay is such consideration. Mann argues that it is not. He claims Michigan courts have held that severance pay is consideration for past services to an employer and not future consideration. Mann relies on *Gaydos v. White Motor Corporation,* 54 Mich.App. 143, 220 N.W.2d 697 (1974), and *Cain v. Allen Electric and Equipment Company,* 346 Mich. 568, 78 N.W.2d 296 (1956). However, there is an important distinction between the facts of *Gaydos, supra,* and *Cain, supra,* and those of this case. Both cases relied on by plaintiff Mann involved unequivocal separation pay policies, i.e., the employer had made an implied absolute promise to provide severance pay to every departing employee in certain specified circumstances. In contrast, ChemLawn's operation manual, on which all three plaintiffs rely as a source of their contractual rights vis-a-vis defendant, unequivocally states that termination pay is at the discretion of ChemLawn and is not to be construed as any employee's right. The Michigan Court of Appeals has held that the Michigan Wages and Fringe Benefits Act does not create the right to any fringe benefits, rather fringe benefits are governed by written employment contracts or written employment policies. *See Carpenter v. Flint School District,* 115 Mich.App. 683, 687, 321 N.W.2d 772 (1982). Consequently, ChemLawn's payment to Mann of separation pay, which was not a pre-existing obligation, but was within its discretion, was sufficient consideration to support Mann's accord and satisfaction with defendant. At the time of his termination, Mann had no prior entitlement to this severance pay.

After reviewing Mann's argument and the cases cited in support thereof, I am satisfied that ChemLawn established a valid defense of accord and satisfaction. I am also satisfied that the jury instructions on the defense of release and accord and satisfaction correctly state the law. In any event, as will be discussed below, I find that ChemLawn established its affirmative defense of accord and satisfaction as a matter of law. Accordingly, plaintiff Mann's motion for a new trial is denied.

CHEMLAWN'S MOTION FOR JUDG-
MENT NOTWITHSTANDING THE
VERDICT OR IN THE ALTERNA-
TIVE FOR NEW TRIAL

Defendant ChemLawn has moved for judgment notwithstanding the verdict, or in the alternative, for a new trial with respect to the favorable jury verdicts obtained by plaintiffs Cox and Small.

ChemLawn has advanced several arguments in support of its motion. However, because I find that ChemLawn is correct in its contention that it has established a valid accord and satisfaction as a matter of law, and because this disposes of the plaintiffs' claims, I will address only that argument.

 In diversity actions, courts must apply state law in deciding motions for directed verdicts and judgment n.o.v. *Chumbler v. McClure*, 505 F.2d 489 (6th Cir.1974); *Standard Alliance Industries, Inc. v. Black Clawson Company*, 587 F.2d 813 (6th Cir.1978). The Michigan standard to be applied to such motions is whether, viewing the facts in a light most favorable to the parties resisting the motion, reasonable persons could honestly reach a conclusion contrary to the movant. If so, the jury's resolution of the question must stand. *Sparks v. Luplow*, 372 Mich. 198, 125 N.W.2d 304 (1963). The whole record must be considered. *Kasza v. City of Detroit*, 370 Mich. 7, 120 N.W.2d 784 (1963).

### A. *ChemLawn's Defense of Accord and Satisfaction.*

 Defendant ChemLawn argues that each plaintiff entered a valid accord and satisfaction with defendant as a matter of law. Therefore, according to defendant, this issue should not have gone to the jury. ChemLawn further contends that even were this accord and satisfaction voidable because of duress, plaintiffs are still precluded from bringing this suit because they never returned to defendant the consideration they received pursuant to the accord and satisfaction. After carefully reviewing case law on the subject, materials submitted by the parties, and the testimony and exhibits presented at trial, I agree.

Viewing all facts and inferences in a light most favorable to plaintiffs Cox and Small, I find no evidence on which the jury could base its findings that Cox and Small did not agree to resolve their respective disputes with ChemLawn by an accord and satisfaction.

"In order to have [an] accord and satisfaction, the claim must be disputed and then a substituted performance agreed upon and accomplished." [Citation omitted.] *Gitre v. Kessler Products Co.*, 387 Mich. 619, 198 N.W.2d 405 (1972); *see also, Baker v. Southeastern Mich. Shippers Co-Op Assoc*, 376 F.Supp. 149 (E.D.Mich.1973). At the time of their termination, each plaintiff signed an acknowledgement and release form as printed below.

"I, _____, hereby acknowledge the receipt from CHEMLAWN CORPORATION of the sum of _____ Dollars ($____), less withholding for federal income tax, FICA, and any other statutory deductions, which represents a lump sum settlement of all vacation pay, severance pay and any other compensation due me from ChemLawn Corporation for any reason.

In consideration of this full and final payment of _____ Dollars ($____), I hereby release and discharge ChemLawn Corporation, its officers, employees, subsidiaries and affiliates from any and all claims of money, employment, re-employment and reinstatement and from any and all causes of action whatsoever which I may have against them arising out of my employment or termination of employment with ChemLawn Corporation, except for my vested rights in the ChemLawn Corporation Profit Sharing Retirement Plan.

Signed by me this ____ day of _____, 19____, in the presence of the witnesses whose signatures are affixed hereto."

Neither Cox nor Small modified any portion of the agreement or otherwise made any reservations of right when they signed this form. Both plaintiffs acknowledged that they read the form. At trial, both

appeared to be intelligent and articulate individuals. Although Cox and Small testified to being upset and confused, neither claimed he did not understand the plain meaning of the form's language. Nor did either plaintiff claim that he thought the transaction was anything other than a settlement of his claims against his employer.

Plaintiffs rely on *Fritz v. Marantette*, 404 Mich. 329, 273 N.W.2d 425 (1978), in opposition to defendant's motion and in support of the propriety of sending the issue of accord and satisfaction to the jury. In *Fritz, supra*, the court stated:

> "Therefore, it is clear that whether a particular set of facts amounts to an accord and satisfaction is generally a question of fact for the factfinder. One of the key elements which the trier of fact must find to reach the conclusion that an accord and satisfaction exists, is a 'meeting of the minds.'"

*Id.* at 334–335, 273 N.W.2d 425.

The *Fritz* court's use of the word "generally" is important. It implies that in some circumstances accord and satisfaction exists as a matter of law. The facts in *Fritz, supra*, were very dissimilar to those presented by the instant case. *Fritz* involved a contract dispute where plaintiff had orally agreed to sell a certain amount of corn to defendant at a certain price. There the plaintiff had negotiated a check, received from defendant, after striking part of a restrictive condition and protesting the amount received. The court held that it was not error to allow the case to go to the jury and reinstated a verdict in favor of plaintiff. The court noted that there were two different interpretations of the facts that could support the jury determination in plaintiff's favor: a finding that the claim was liquidated and undisputed or that the amount paid represented the undisputed portion of the corn contracts. *Fritz, supra*, at 335, 273 N.W.2d 425.

In contrast with *Fritz*, the facts here do not present the same ambiguities allowing for different interpretations of the parties' conduct. Plaintiffs Cox and Small unequivocally agreed to the terms of the acknowledgement and release by signing it. They did not protest its terms either verbally or in writing. Unlike *Fritz*, there is no evidence that the parties' conduct could be interpreted as anything other than an agreement or an accord followed by a satisfaction. While I do not doubt that plaintiffs Cox and Small later regretted the terms of their agreement, I can place no other reasonable interpretation on their unequivocal conduct at the time of their termination than that they did in fact reach an agreement.

The Sixth Circuit, in a recent unpublished opinion,[1] found a valid accord and satisfaction under Michigan law. In *Parets v. Eaton Corp.*, 709 F.2d 1506 (1983), the plaintiff sued Eaton in the United States District Court for the Eastern District of Michigan, claiming wrongful discharge from his employment. Parets had been retained to manage Eaton's facilities in Brazil, but, due to corporate reorganization and possibly his poor performance, he was terminated. He cashed a check for $19,810 "tendered in full payment of your Brazilian Contract termination," but threw away the release that Eaton asked him to sign and return. Subsequently, Parets received another $6,000 from Eaton, then filed suit. Summary judgment for Eaton was affirmed. The court wrote:

> "Parets cashed the check, threw away the release and one month later negotiated for more money. He claims that his cashing the check was not an acceptance of Eaton's offer because he never intended to release Eaton. On the contrary, Parets' cashing the check did release Eaton. One may not knowingly accept the benefits of an offer but silently reject the accompanying conditions and obligations.

---

**1.** Sixth Circuit Rule 24 limits citation of unpublished opinions to specific situations. One situation is where there is no published opinion with equal precedential value in relation to a material issue in a case. I have discovered no published opinion discussing accord and satisfaction with facts as analogous to those in the instant case. Accordingly, a copy of the *Parets* opinion is attached.

Actions speak louder than the lack of words. In accepting the $19,810, Parets acknowledged to Eaton the satisfaction of all his claims against it. The parties' subsequent negotiations regarding the bonus and tax reimbursement did not alter the legal effect of the accord and satisfaction. As an aside we note that Parets could have very simply avoided the release by retendering the $19,810 to Eaton. He has not done so. Therefore, he is bound by his acceptance."

The instant case presents even more persuasive facts than *Parets, supra,* for finding an accord and satisfaction as a matter of law. In *Parets,* the plaintiff never signed the release and in fact tore it up. He did, however, accept the satisfaction offered and cashed the check. In contrast, plaintiffs Cox and Small each not only kept the satisfaction received, but also signed the release without ever making any protest concerning any of its terms.

There is no dispute that both Cox and Small received the full amount stated on their respective release and acknowledgement forms. Cox and Small argue, however, as did Mann, that there was no consideration to support the accord because they were entitled to the entire sum as accrued wages, vacation and severance pay. I reject this contention with respect to the severance pay for the reasons stated above regarding Mann's motion for a new trial, *supra* at 6–7. Plaintiffs Cox and Small's accord, followed by the payment of the sum promised, is fatal to plaintiffs' claims since neither plaintiff returned to defendant any of the severance pay received prior to bringing suit. As discussed *supra* at 6, a plaintiff who has entered an accord and received satisfaction must comply with the "tender back rule" even if the agreement is voidable for some reason, e.g., duress. This plaintiffs failed to do.

For the reasons stated above, I am convinced that defendant was entitled to a directed verdict on the following grounds: that defendant established the defense of an accord and satisfaction as a matter of law and that plaintiffs failed to meet the requirements for avoidance of an accord

and satisfaction, namely, the return to defendant of severance pay received in consideration of final settlement with Chem-Lawn. Accordingly, defendant is entitled to a judgment notwithstanding the verdict, and its motion is granted. Defendant ChemLawn's motion for remittitur is dismissed as moot. Also pending are motions of plaintiffs Cox and Small for costs, interest and additur. My decision regarding defendant's motion for judgment notwithstanding the verdict moots these motions also. Accordingly, they are dismissed.

## APPENDIX

UNITED STATES OF AMERICA
DISTRICT COURT FOR THE WESTERN
DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD SMALL, FREDDIE P. COX,
and FLOYD R. MANN,

 Plaintiffs, Case No. G82–132 CA5

–vs–

CHEM–LAWN CORPORATION, JURY VERDICT
an Ohio corporation,

 Defendant.

————————————————————/

1. Were the plaintiffs discharged by defendant or did the plaintiffs leave voluntarily?

| | Discharged | Left Voluntarily |
|---|---|---|
| Floyd R. Mann | X | —— |
| Richard Small | X | —— |
| Freddie P. Cox | X | —— |

If your answer is "discharged" as to any plaintiff, proceed to question 2 for that plaintiff.

If your answer is "resigned" as to any plaintiff, deliberate no further for that plaintiff.

2. Did plaintiffs have an agreement or a meeting of the minds with defendant, whereby they resolved their dispute with an accord and satisfaction?

| | Yes | No |
|---|---|---|
| Floyd R. Mann | X | —— |
| Richard Small | —— | X |
| Freddie P. Cox | —— | X |

If your answer is "no" as to any plaintiff, proceed to question 3 for that plaintiff.

If your answer is "yes" as to any plaintiff, deliberate no further for that plaintiff.

3. Was the release, executed by all three plaintiffs, the result of duress by the defendant with respect to any plaintiff?

| | Yes | No |
|---|---|---|
| Floyd R. Mann | . | . |
| Richard Small | X | —— |
| Freddie P. Cox | X | —— |

If your answer is "yes" as to any plaintiff, proceed to question 4 for that plaintiff.

If your answer is "no" as to any plaintiff, deliberate no further for that plaintiff.

4. Did plaintiffs suffer contractual damages?

| | Yes | No |
|---|---|---|
| Floyd R. Mann | ___ | ___ |
| Richard Small | X | ___ |
| Freddie P. Cox | X | ___ |

If your answer is "yes" as to any plaintiff, proceed to question 5 for that plaintiff.

If your answer is "no" as to any plaintiff, deliberate no further for that plaintiff.

5. Indicate the amount of damages as follows:

| Floyd R. Mann | $ _____ |
|---|---|
| Richard Small | $55,284 |
| Freddie P. Cox | $65,723 |

Signed: Frank R. Schaner
Foreperson

Dated: September 14, 1983.