765 F.2d 146
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICHARD SMALL AND FREDDIE COX, PLAINTIFF-APPELLANTS,
v.
CHEMLAWN CORPORATION, DEFENDANT-APPELLEE.
 NO. 84-1320
 United States Court of Appeals, Sixth Circuit.
 5/23/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN
 BEFORE: MARTIN and KRUPANSKY, Circuit Judges; and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is a diversity action for unlawful discharge from employment. The plaintiffs appeal the entry of a judgment n.o.v. by the United States District Court for the Western District of Michigan after the jury had rendered a verdict against the defendants. The trial court's opinion was published. Small v. Chemlawn Corp., 584 F. Supp. 690 (W.D. Mich. 1984).
 
 
 2
 On February 17, 1982, Richard Small (Small) and Freddie P. Cox (Cox), both Michigan residents, commenced this action in the Michigan state courts. Subsequently, on the petition of Chemlawn, an Ohio corporation, the action was removed to the federal court. The plaintiffs alleged and the defendant conceded that there had been no just cause for the alleged discharge. See Small v. Chemlawn, 584 F. Supp. at 691. Chemlawn disputed the existence of any contract between it and the plaintiffs which required just cause for discharge. Chemlawn further claimed that the plaintiffs had voluntarily resigned and had executed an accord and satisfaction regarding the circumstances of their separation.
 
 
 3
 At the time of their separation, the plaintiffs were told by Chemlawn executive Rick Knepper to sign two documents or receive no separation payments. The first document was an acknowledgement and release form as below printed:
 
 
 4
 I, _____, hereby acknowledge the receipt from CHEMLAWN CORPORATION of the sum of _____ Dollars ($_____), less withholding for federal income tax, FICA, and any other statutory deductions, which represents a lump sum settlement of all vacation pay, severance pay and any other compensation due me from Chemlawn Corporation for any reason.
 
 
 5
 In consideration of this full and final payment of _____ Dollars ($_____) I hereby release and discharge Chemlawn Corporation, its officers, employees, subsidiaries and affiliates from any and all claims of money, employment, re-employment and reinstatement and from any and all causes of action whatsoever which I may haye against them arising out of my employment with Chemlawn Corporation, except for my vested rights in the Chemlawn Corporation Profit Sharing Retirement Plan.
 
 
 6
 The second document was a letter from Knepper to each plaintiff:
 
 
 7
 [DATE]
 
 TO: ________
 FROM: Rick Knepper
 SUBJECT: Separation from Chemlawn
 
 8
 As per your request your separation from Chemlawn Corporation has been accepted. Terms of separation allowance are as follows:
 
 1. Effective Date March 23, 1981
 
 9
 2. Surrender of all company property to include but is not limited to branch keys, Credit Cards, 1981 Uniforms, Traning Manuals and all tools and equipment issued for job performance.
 
 3. Issuance of separation pay to include:
 
 10
 a. Pay for week ending March 28, 1981
 
 
 11
 b. Five weeks severance pay
 
 
 12
 c. Three weeks vacation pay
 
 
 13
 All separation pay will be issued less withholding for federal income tax, FICA and statutory deductions. Pay will be issued in nine separate installments.
 
 4. Profit Sharing Vested Interest Payment:
 
 14
 a. All profit sharing sums due you will be issued automatically one year from date of termination. It is your responsibility to keep Chemlawn informed of your current address.
 
 
 15
 5. A letter of reference for your future employment is enclosed.
 
 
 16
 I understand and accept the separation terms described in this letter.
 
 
 17
 The testimony at the trial as to the events precipitating the execution of the above documents was very diverse. Floyd Mann, Chemlawn branch supervisor and the immediate superior of Cox and Small, testified that without prior notice and without any articulated cause, Knepper called him and instructed him to discharge Cox and Small. Knepper, on the other hand, testified that he received word from Mann that Cox and Small were resigning. The jury reached a verdict in favor of Small and Cox. The district court granted Chemlawn's motion for a judgment n.o.v. because it found that the plaintiffs had executed 'a valid accord and satisfaction as a matter of law, and . . . this disposes of the plaintiffs' claims'.
 
 
 18
 Small and Cox thereafter brought this timely appeal from the trial court's entry of judgment n.o.v. in favor of Chemlawn.
 
 
 19
 The law of Michigan controls the issuance of the judgment n.o.v. in this diversity action. Chumbler v. McClure, 505 F.2d 489 (6th Cir. 1974). Under Michigan law a judgment n.o.v. is appropriate only if the evidence was insufficient, as a matter of law, to support the jury verdict. Kroll v. Katz, 374 Mich. 364, 132 N.W. 2d 27 (1965); Basic Food Industries, Inc. v. Grant, 107 Mich. App. 685, 310 N.W. 2d 26 (1981); Sabraw v. Michigan Millers Mutual Ins. Co., 87 Mich. App. 568, 571, 274 N.W. 2d 838 (1978).
 
 
 20
 Critical to the appeal is the effect under the Michigan law regarding accord and satisfaction of the two documents signed by the plaintiffs.
 
 
 21
 An accord and satisfaction is a contract which settles a disputed claim. See Gitre v. Kessler Products Co., 387 Mich. 619, 198 N.W. 2d 405, 408 (1972). Mere payment of amounts already due does not work an accord and satisfaction in favor of the paying party. Gitre v. Kessler Products Co., 198 N.W. 2d at 408 ('payment of an existing . . . claim does not, without more, work an accord and satisfaction as to all claims'). While a company is not obligated to adopt a severance pay policy, once it does the policy becomes part of the employment contract the benefit of which is due the employee upon separation. Cain v. Allen Electric & Equipment Co., 346 Mich. 568, 579, 78 N.W. 2d 296, 302 (1956); Gaydos v. White Motor Corp., 54 Mich. App. 143, 220 N.W. 2d 697, 700 (1974); Clarke v. Brunswick Corp., 48 Mich. App. 667, 211 N.W. 2d 101 (1973). As the trial court in the case at bar recognized, if plaintiffs were entitled to the severance pay then the jury's verdict of no accord and satisfaction was correct.
 
 
 22
 The trial court distinguished the above Michigan cases as involving 'unequivocal separation policies'. In the case at bar, the contracts and company personnel documents clearly reflected that Chemlawn's policy was to afford termination pay only 'at the discretion' of the company. Therefore, at the time plaintiffs were terminated the separation pay was not, as in Gaydoes, Cain, and Clarke, supra, a pre-existing debt. Accordingly, the judgment of the district court is affirmed.