FAITH REFORMED CHURCH OF TRAVERSE CITY, MICHIGAN v
THOMPSON

Docket No. 222628. Submitted May 9, 2001, at Grand Rapids. Decided
December 4, 2001, at 9:00 A.M.

Faith Reformed Church of Traverse City, Michigan, brought an action
in the 86th District Court against Carole and Greg Thompson, seek-
ing rent payments alleged to be due under a real estate lease. The
court, James R. McCormick, J., granted summary disposition for
the defendants, ruling that the action was barred by an accord and
satisfaction that had been established when the defendants ten-
dered to the plaintiff's property management company a check and
a letter offering the check as full and final resolution of any and all
rental claims by the plaintiff against the defendants and the check
was negotiated. The Grand Traverse Circuit Court, Thomas G.
Power, J., affirmed on appeal. The plaintiff appealed by leave
granted.

The Court of Appeals *held*:

1. The defendants established accord and satisfaction as an
affirmative defense to the plaintiff's action by showing their good-
faith dispute of an unliquidated claim of the plaintiff, their condi-
tional tender of money in satisfaction of the claim, and the plain-
tiff's acceptance of the tender while fully informed of the condi-
tion. A good-faith dispute existed regarding the amount owed by
the defendants to the plaintiff in view of the defendants' claims
that the plaintiff had not acted in good faith in its efforts to obtain
replacement tenants after the defendants vacated the leased prem-
ises, or to otherwise mitigate damages, and that the plaintiff's reno-
vations to the building that housed the leased premises encroached
into the leased premises and thus resulted in the plaintiff's con-
structive possession of the leased premises. The condition that
accompanied the defendants' tender of payment, as expressed in
their letter, was clear and unequivocal, and the plaintiff clearly
understood the condition on which the defendants made the
payment.

2. The plaintiff's failure to tender back the defendants' condi-
tional payment bars the plaintiff's action against the defendants.
Where, as here, a valid accord and satisfaction is established, a

creditor may not bring an action against the debtor for the full debt unless the creditor first tenders back the conditional payment received.

Affirmed.

1. ACCORD AND SATISFACTION — AGREEMENT — PERFORMANCE OR EXECUTION.

An accord is an agreement between parties to give and accept, in settlement of a claim or previous agreement, something other than that which is claimed to be due, and satisfaction is the performance or execution of the new agreement.

2. ACCORD AND SATISFACTION — AFFIRMATIVE DEFENSE.

Accord and satisfaction is an affirmative defense; to prove the existence of an accord and satisfaction, a defendant must show its good-faith dispute of an unliquidated claim of the plaintiff, its conditional tender of money in satisfaction of the claim, and the plaintiff's acceptance of the tender while fully informed of the condition; the defendant need not show the plaintiff's express acceptance of the condition inasmuch as acceptance of the conditional tender also constitutes agreement to the condition; however, the expression of the condition must be clear, full, and explicit.

3. ACCORD AND SATISFACTION — ACTIONS — RETURN OF TENDERED PAYMENTS.

A creditor seeking to avoid an accord and satisfaction attempted by the debtor must return the conditional payment received before the creditor can bring an action that seeks full payment of the debt.

*Mark A. Hullman,* for the plaintiff.

*Rex O. Graff, Jr.,* for the defendants.

Before: COLLINS, P.J., and HOEKSTRA and GAGE, JJ.

PER CURIAM. Plaintiff appeals by leave granted the circuit court order affirming the district court order that granted summary disposition to defendants on the ground that plaintiff's claim for rent was barred by accord and satisfaction.[1] We affirm.

---

[1] Defendants brought the motion under MCR 2.116(C)(7) and (8). Although the circuit court did not indicate under which provision it was granting summary disposition, because the court considered materials outside the pleadings, we will treat the motion as granted under MCR 2.116(C)(7).

Plaintiff leased commercial premises to defendants, the owners and operators of a pharmacy. Plaintiff acquired the lease, which ran through December 1997, by assignment. After plaintiff acquired the leased premises, plaintiff and defendants were unable to come to an agreement regarding the terms for its long-term availability to defendants. In June 1996, defendants decided to buy another site for their pharmacy and gave plaintiff notice of their intent to move by the end of the year. Defendants moved to the new site and vacated the leased premises in December 1996. Over a period of months after moving, defendants sent four payments to plaintiff's management company, McCarthy-Tornga Management, Inc. (McCarthy-Tornga), in the amount of the monthly rent on the vacated premises ($2,819.65). In March 1997, plaintiff began renovating a space adjacent to defendants' leased premises that involved a portion of defendants' space. At some point thereafter, McCarthy-Tornga informed defendants that they would receive a $970 credit for the square footage utilized.

In June 1998, defendants sent plaintiff a letter offering $2,819.65 as "full and final resolution of any and all rental claims which the landlord has against the tenant." Defendants asserted that a number of potential tenants referred to McCarthy-Tornga by defendants were "discouraged" by the short-term leases plaintiff offered, as well as the fact that they would be responsible for their own remodeling. Defendants also noted their "discovery" in March 1997 of plaintiffs' renovation activities. Defendants characterized plaintiff's actions as inconsistent "with the landlords' good faith responsibility to mitigate damages and/or to have the entire premises of our space available to

a new tenant." Defendants further stated that "there is a fair argument that the Church's renovation activities (for it's [sic] own use) effectively terminated our lease in March 1997." Defendants stated that the enclosed check brought their rent current through June 1, 1997, or one year from the date on which they had first given plaintiff notice of their intention to vacate. Defendants opined that one year gave plaintiff "ample opportunity to rent that space had [plaintiff] been 'acting in good faith.' "

Defendants sent a copy of the letter to McCarthy-Tornga with a check in the amount of $2,819.65, payable to plaintiff. A McCarthy-Tornga employee deposited the check in plaintiff's account. The following month, McCarthy-Tornga sent a letter to defendants informing them that plaintiff did not accept defendants' check as full settlement of plaintiff's rent claims. Plaintiff did not, however, return the check.

In November 1998, plaintiff filed suit in the district court to recover the seven months' rent it claimed was still owed under the lease. In December 1998, defendants filed a counterclaim seeking reimbursement for rent paid during the period of renovation when, defendants alleged, plaintiff was in constructive possession of the premises. Defendants also filed a motion for summary disposition pursuant to MCR 2.116(C)(7) and (8), claiming that plaintiff's negotiation of the June 1998 check established an accord and satisfaction and plaintiff's failure to tender back that payment barred its suit. After a hearing on the matter, the district court granted defendants' motion. The court found that the letter sent to plaintiff with the check showed that there existed a good-faith dispute regarding the rent owed and that plaintiff's claim was,

therefore, unliquidated. The court further found that plaintiff's retention of the proceeds of the check after it became aware of "the import of the accompanying letter" constituted acceptance of the offered settlement and barred plaintiff from bringing suit. After the district court denied plaintiff's motion for reconsideration, plaintiff filed an appeal to the circuit court. The circuit court affirmed the district court's order.

Plaintiff argues on appeal that the circuit court erred in affirming the district court's grant of summary disposition under MCR 2.116(C)(7) on the basis that defendants' offer and payment and plaintiff's acceptance and retention of the payment constituted an accord and satisfaction, and plaintiff's failure to tender back the amount paid barred its suit. Specifically, plaintiff argues that defendants did not establish a valid accord and satisfaction and, in any event, under *Nationwide Mut Ins Co v Quality Builders, Inc*, 192 Mich App 643; 482 NW2d 474 (1992), plaintiff was not required to tender back the payment before filing suit for the balance of its rent claim.

We review de novo a trial court's grant of summary disposition pursuant to MCR 2.116(C)(7) to determine whether the defendant is entitled to judgment as a matter of law. *O'Connell v Kellogg Community College*, 244 Mich App 723, 725; 625 NW2d 126 (2001).

We address first whether the district and circuit courts erred in determining that defendants' offer and payment and plaintiff's acceptance and retention of the payment constituted an accord and satisfaction. Accord and satisfaction is an affirmative defense. *Nationwide, supra* at 646. An "accord" is an agreement between parties to give and accept, in settlement of a claim or previous agreement, something

other than that which is claimed to be due, and "satisfaction" is the performance or execution of the new agreement. *Id.* To prove the existence of an accord and satisfaction, a defendant must show (1) its good-faith dispute of (2) an unliquidated claim of the plaintiff, (3) its conditional tender of money in satisfaction of the claim, and (4) the plaintiff's acceptance of the tender (5) while fully informed of the condition. *Id.* at 647. A defendant need not show a plaintiff's express acceptance of the condition; rather, the law of accord and satisfaction is that where a creditor accepts a conditional tender, the creditor also agrees to the condition. *Id.* However, the expression of the condition must be "clear, full, and explicit." *Id.*, quoting *Durkin v Everhot Heater Co*, 266 Mich 508, 513; 254 NW 187 (1934).

First, defendants' June 1997 letter to plaintiff established their good-faith dispute regarding the rent defendants owed plaintiff. Defendants made clear that they disputed whether plaintiff had acted in good faith in its efforts to obtain replacement tenants or mitigate damages, and also disputed whether they owed rent on the premises after plaintiff began its renovation activities. Plaintiff contends, however, that even if defendants established a good-faith dispute, they did not show that plaintiff's claim was unliquidated. Plaintiff maintains that because there was a written lease for a fixed term and a fixed amount, and it had agreed to credit defendants a certain amount for the square footage affected by the renovations, its claim was liquidated and therefore could not be the subject of an accord and satisfaction. We do not find plaintiff's distinction between "disputed" and "unliquidated" persuasive.

> Under the law of accord and satisfaction, the term "liqui-
> dated" generally refers to a claim which the debtor does not
> in good faith dispute—a claim which is certain as to what,
> and how much, is due. A claim is not liquidated even if it
> appears that something is due, unless it appears how much
> is due. A liquidated claim is one which can be determined
> with exactness from the agreement between the parties, or
> by arithmetical process, or by the application of definite
> rules of law. [1 Am Jur 2d, Accord and Satisfaction, § 7,
> p 474.]

Here, plaintiff's position was that defendants owed rent for the entire contractual period. Defendants' position, in part, was that they did not owe any rent after March 1997, when plaintiff began its renovations, and that in paying through May 1997, they were offering more than they actually owed. Further, defendants filed a counterclaim seeking reimbursement for rent paid during the period of renovation when, defendants alleged, plaintiff was in constructive possession of the premises. See 1 Am Jur 2d, Accord and Satisfaction, § 8, p 475. Because there existed a good-faith dispute regarding the amount of rent due, we conclude that plaintiff's claim was disputed and unliquidated, and therefore could be the subject of an accord and satisfaction.

We further conclude that the condition accompanying the tender of payment, as expressed in defendants' letter, was clear and unequivocal. Defendants stated that the check was "offered in full and final resolution of any and all rental claims which the landlord has against the tenant . . . or the tenant has against the landlord with respect to the rental agreement pertaining to 1115 E. Front Street." Plaintiff contends that because an employee of McCarthy-Tornga deposited the check without authorization from plain-

tiff, plaintiff may not be charged with having accepted the payment with knowledge of the condition. This argument is irrelevant in light of the fact that plaintiff retained the proceeds of the check after learning of the condition. See *Hutton v Roberts*, 182 Mich App 153, 162; 451 NW2d 536 (1989). Plaintiff further contends that because its letter to defendants explicitly stated that it did not accept the condition, an accord and satisfaction was not established. However, plaintiff's letter indicates that it clearly understood the condition on which defendants made the payment, and plaintiff's assertion that it could accept the payment, but not the condition, is contrary to *Shaw v United Motors Products Co*, 239 Mich 194; 214 NW 100 (1954), where the Michigan Supreme Court stated:

> The applicable rule of law is, if the tender is in full satisfaction of an unliquidated claim, the amount of which is in good faith disputed by the debtor, and the creditor is fully informed of the condition accompanying acceptance, an accord and satisfaction is accomplished if the money so tendered is retained; for there can be no severance of the condition from acceptance and it avails the creditor nothing to protest and notify the debtor that the amount tendered is credited on the claims and not accepted in full satisfaction. [*Id.* at 196.]

The *Shaw* Court explained that the rule "is based upon the condition accompanying the tender and consequent acceptance of the condition in retaining the money. This required no previous agreement, but rests upon a dispute as to the amount due." *Id.* at 195-196; see also *DMI Design & Mfg, Inc v Adac Plastics, Inc*, 165 Mich App 205, 210-211; 418 NW2d 386 (1987); *Fuller v Integrated Metal Technology, Inc*, 154 Mich

App 601, 607; 397 NW2d 846 (1986). We conclude, therefore, that the circuit court did not err in finding that the parties reached an accord and satisfaction in this case.

Plaintiff next contends that even if an accord and satisfaction was established, under *Nationwide*, *supra*, it was not required to tender back the payment made by defendants before it could file suit for the balance of its rent claim. In *Nationwide*, this Court found that the defendant failed, as a matter of law, to show an effective accord and satisfaction and that "because no accord and satisfaction has been shown, plaintiff was not required to tender the check before bringing this action." *Id.* at 651. This Court then stated that

> it is doubtful that such tender is required where a plaintiff seeks to avoid a *valid* accord and satisfaction and recover the full amount of the original claim . . . . To the extent that such a requirement may be imposed by *Melick v Nauman Vandersoort, Inc,* 54 Mich App 171, 179; 220 NW2d 748 (1974), rev'd on other grounds 393 Mich 774 (1974), we think that *Melick* was wrongly decided. [*Id.* (emphasis in original).]

In *Melick*, this Court held that the plaintiffs were precluded from challenging the validity of the accord and satisfaction raised as a defense in that case because the plaintiffs never tendered back to the defendant the payments made by the defendant pursuant to the alleged accord and satisfaction. *Melick, supra* at 179.

We conclude that the district and circuit courts in this case were not bound by the statements made in *Nationwide* regarding tender back in the context of an accord and satisfaction. Because no accord and satisfaction was established in *Nationwide*, it was

unnecessary for this Court to decide whether the plaintiff was required to tender back the check and whether the holding in *Melick* with regard to tender back was correct. It is a "well-settled rule that statements concerning a principle of law not essential to determination of the case are obiter dictum and lack the force of an adjudication." *Roberts v Auto-Owners Ins Co*, 422 Mich 594, 597-598; 374 NW2d 905 (1985). Accordingly, *Nationwide* does not require reversal of the decisions of the lower courts in this case.

However, in light of the confusion apparently occasioned by the dicta in *Nationwide*, we take this opportunity to clarify the rule regarding tender back of payments where an accord and satisfaction is established. Although the Michigan Supreme Court has never squarely addressed the issue whether tender back is required before commencing suit when there exists a valid accord and satisfaction, the language of *Lehaney v New York Life Ins Co*, 307 Mich 125, 131; 11 NW2d 830 (1943), where the Court addressed the validity of an accord and satisfaction, indicates that is the case. In *Lehaney, id.*, the Supreme Court explained that where there exists a bona fide dispute regarding a claim, "[a]djustment of such controversies should be looked upon with favor and the law does not permit the claimant to accept *and retain* the money which has been tendered by way of settlement and subsequently litigate with the debtor for the recovery of a greater sum." (Emphasis added.) As the *Nationwide* Court noted, the case relied on by the *Melick* Court, *Chapman v Ross*, 47 Mich App 201; 209 NW2d 288 (1973), addressed whether tender back is required where a party seeks to rescind a written release, not where it seeks to

avoid an accord and satisfaction. However, the *Lehaney* Court's language indicates that the policy considerations underlying the rule with regard to written releases apply as well in the context of accord and satisfaction. "[T]he law favors settlements," and "[a] party entering into a settlement agreement, offering adequate consideration, is entitled to rely on the terms of the agreement." *Stefanac v Cranbrook Educational Community (After Remand)*, 435 Mich 155, 163; 458 NW2d 56 (1990). We conclude, therefore, that tender back of payment is a necessary prerequisite to filing suit where a valid accord and satisfaction is established.

We note that the authorities on which plaintiff relies for its argument that tender back is not a necessary prerequisite to commencing suit are distinguishable from this case because the defendant in each case plaintiff cites was unable to establish an accord and satisfaction.[2] Further, defendants in this case did not pay only that which "both sides acknowledged was due." *Gitre v Kessler Products Co, Inc*, 387 Mich 619-624; 198 NW2d 405 (1972); see also 1 Am Jur, Accord and Satisfaction, § 24, p 492 (stating that where "the amount paid in satisfaction is conceded to

---

[2] See *Fritz v Marantette*, 404 Mich 329; 273 NW2d 425 (1978) (holding that the defendant was not entitled to summary disposition because there was a jury-submissible question of fact whether the underlying debt was liquidated and whether the amount offered in settlement was only that which both parties conceded was due); *Gitre v Kessler Products Co, Inc*, 387 Mich 619; 198 NW2d 405 (1972) (holding that an accord and satisfaction did not take place because the defendant had merely paid an existing undisputed claim); *Urben v Public Bank*, 365 Mich 279; 112 NW2d 444 (1961) (holding that the issue of accord and satisfaction was properly submitted to a jury where there was a question of fact whether the plaintiff's deposit of final paycheck with a notation on the back constituted acceptance of an offered settlement).

be due in any event, the creditor does not need to tender back the amount paid prior to bringing an action on the original obligation, because the law will not require a person to pay over a sum which belongs to that person in any event in order for a judgment to be rendered in his or her favor for that very sum"). Here, whether defendants owed plaintiff the money offered in settlement clearly was in dispute.

Where, as here, there is a good-faith dispute of an unliquidated claim and unequivocal language expressing the conditions of a tender offered in settlement of the claim and the plaintiff accepts and retains the tender, that plaintiff is barred by accord and satisfaction from pursuing a claim for the balance of the money it may believe it is owed. Accordingly, the circuit court properly determined that plaintiff's acceptance and retention of defendants' tender barred plaintiff's suit, and summary disposition was appropriately granted under MCR 2.116(C)(7).

Affirmed.