DEL SERRONE CONTRACTING CORPORATION v AVON
TOWNSHIP

1. ACCORD AND SATISFACTION—UNDISPUTED CLAIMS—MEETING OF THE
MINDS.

The mere payment of an undisputed claim does not establish an
accord and satisfaction as to other disputed claims because a
meeting of the minds is an essential requisite of an accord and
satisfaction.

2. ACCORD AND SATISFACTION—MEETING OF THE MINDS—NEGOTIATION
OF CHECK—FINAL PAYMENT—ACCELERATED JUDGMENT.

The meeting of the minds requirement for an accord and satisfac-
tion was not shown as a matter of law by a plaintiff's negotia-
tion of a defendant's check bearing the restriction that the
check was "final payment" for a specific project and bearing
the plaintiff's rubber-stamped endorsement; accelerated judg-
ment for defendant based on an accord and satisfaction was
improper where there was no meeting of the minds.

Appeal from Oakland, William J. Beer, J. Sub-
mitted May 5, 1977, at Detroit. (Docket No. 29111.)
Decided July 19, 1977.

Complaint by Del Serrone Contracting Corpora-
tion against Avon Township to recover sums owed
by defendant to plaintiff for construction work.
Accelerated judgment for defendant. Plaintiff ap-
peals. Reversed and remanded.

*LaBarge, Zatkoff & Dinning, P. C.,* for plaintiff.

*Patterson, Patterson, Whitfield, Manikoff and
White* (by *Lawrence R. Ternan* and *Rockwood W.
Bullard, III),* for defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 1 Am Jur 2d, Accord and Satisfaction §§ 4, 11.

Before: T. M. BURNS, P. J., and BRONSON and C. W. SIMON, JR.,* JJ.

PER CURIAM. Plaintiff instituted this action to recover sums allegedly owed by defendant for the construction of the Tienken Road Water Main Extension, constructed by plaintiff for defendant. Defendant filed a motion for an accelerated judgment, GCR 1963, 116.1(5), contending that the dispute between the parties had been resolved through an accord and satisfaction. Following a hearing on May 12, 1976, the trial court granted defendant's motion for an accelerated judgment. Plaintiff appeals as of right.

Plaintiff presents one issue on appeal. Plaintiff contends that the trial court's accelerated judgment in defendant's favor was erroneous because defendant failed to establish a defense of accord and satisfaction. Plaintiff's contention is correct. Defendant's proofs in support of the motion for accelerated judgment consisted of affidavits by two township officials; correspondence between defendant, plaintiff, and plaintiff's attorney; and a photostatic copy of a check drawn on defendant's account, with plaintiff as the payee, which bore the restriction, "FINAL PAYMENT—TIENKEN ROAD WATER MAIN EXTENSION", and the rubber-stamped endorsement of plaintiff corporation. This was insufficient to establish defendant's affirmative defense of an accord and satisfaction as a matter of law.

In general terms, an accord and satisfaction is the substitution of performance agreed upon by the parties to a disputed claim. The mere payment of an undisputed claim does not establish an accord and satisfaction as to other disputed claims. An essential requisite of an accord and satisfaction is a "meeting of the minds". The "meeting of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

minds" requirement for an accord and satisfaction is not shown as a matter of law by plaintiff's negotiation of defendant's check bearing the above-related restrictions and bearing a rubber-stamped endorsement. *Gitre v Kessler Products Co, Inc,* 387 Mich 619; 198 NW2d 405 (1972).

Since defendant did not establish a meeting of the minds between the parties in the instant case with respect to the disputed, unliquidated claims of plaintiff against defendant, the trial court erred in granting defendant's motion for accelerated judgment. Therefore, the instant case is reversed and remanded to the trial court for further proceedings.

Reversed and remanded.