NATIONWIDE MUTUAL INSURANCE COMPANY v QUALITY
BUILDERS, INC

Docket No. 127443. Submitted August 6, 1991, at Grand Rapids.
Decided January 22, 1992, at 9:20 A.M.

Nationwide Mutual Insurance Company brought an action in the
Berrien Circuit Court against Quality Builders, Inc., seeking
full payment of premiums for insurance provided to Quality
Builders, which had tendered a partial payment by sending a
check with a notation stating "Paid in Full" along with a letter
explaining that the check represented full payment. The court,
Casper D. Grathwohl, J., granted summary disposition for
Quality Builders, ruling that the action was barred because an
accord and satisfaction had been effected. Nationwide appealed.

The Court of Appeals *held:*

1. An accord and satisfaction may arise regardless of the lack
of an agreement between the parties where partial payment is
tendered and accepted on the explicit and clear condition that
acceptance of the partial payment serves to discharge the
whole claim. In this case, the notation on the check and the
accompanying letter were insufficient to effect an accord and
satisfaction because they were not so clear, unequivocal, and
unambiguous that they fully informed Nationwide that its
claim would be satisfied upon its negotiation of the check.

2. Nationwide was not required to tender the partial pay-
ment before it could bring its action.

Reversed and remanded.

1. ACCORD AND SATISFACTION — AGREEMENT.

An accord and satisfaction may be effected by tender and accep-
tance of an amount less than the amount claimed to be due
where the tender is accompanied by an explicit and clear
*condition indicating that, if the money is accepted, it is ac-*
cepted in discharge of the whole claim.

REFERENCES

Am Jur 2d, Accord and Satisfaction §§ 14, 15, 18, 25.

Modern status of rule that acceptance of check purportng to be
final settlement of disputed amount constitutes accord and satis-
faction. 42 ALR4th 12.

2. ACCORD AND SATISFACTION — ACTIONS — RETURN OF PARTIAL
    PAYMENT.
    A creditor seeking to avoid an accord and satisfaction attempted
    by a debtor need not tender the partial payment received
    before bringing an action that seeks full payment of the debt.

*Timothy E. Baxter,* for the plaintiff.

*Hartwig, Crow & Jones* (by *John L. Crow*), for the defendant.

Before: DANHOF, C.J., and WAHLS and GRIFFIN, JJ.

PER CURIAM. Plaintiff appeals as of right from an order that granted summary disposition to defendant pursuant to MCR 2.116(C)(7) on the ground that plaintiff's claim for insurance premiums allegedly owed by defendant was barred by accord and satisfaction. We reverse.

In February 1986, plaintiff issued three separate one-year insurance policies to defendant: a workers' compensation policy, a business automobile policy, and a general liability policy. The workers' compensation and business automobile policies were renewed for an additional year in February 1987 and the general liability policy was replaced by a one-year blanket protection policy. Although the record is not entirely clear on this matter, it seems that in 1987 defendant came to believe that it was being overcharged for insurance premiums and failed to make a number of payments. Defendant purportedly sent a notice of cancellation to plaintiff in December 1987, followed by a check for $2,210 marked "Paid in Full" and an accompanying letter that explained how defendant had arrived at this figure.

According to statements made by plaintiff's counsel at the hearing on defendant's motion, the

check was sent to a post office box designated to receive premium payments. The check was then received by plaintiff's bank, which, apparently as a matter of standard practice, deposited the check in plaintiff's account. The bank then forwarded the letter to plaintiff, which allegedly did not receive it until several months after the check was cashed. Plaintiff then sent a letter to defendant that noted the results of an insurance audit of defendant and asked for further information in order to "make any necessary adjustments" and to "clear up any discrepancies concerning your audit bill."

Plaintiff eventually brought an action against defendant, claiming that defendant owed $31,379 for insurance coverage that had been provided but for which plaintiff had not been paid. Defendant pleaded accord and satisfaction as an affirmative defense and later moved for summary disposition pursuant to MCR 2.116(C)(7). With its motion, defendant filed an affidavit that alleged that the check had been marked "Paid in Full," that the accompanying letter had stated that "[t]his pays my account with Nationwide in full," and that the check had been cashed. Plaintiff did not file an opposing affidavit.

The trial court granted defendant's motion, holding that an accord and satisfaction had been reached when the check was negotiated. Although the trial court doubted that the notation "Paid in Full" on the check, by itself, could constitute an accord between the parties, it held that an accord was reached when the check was read in conjunction with the accompanying letter and satisfaction occurred when the check was negotiated. The trial court also rejected plaintiff's argument that it could not be held accountable for the bank's act of automatically depositing the check into plaintiff's account.

Accord and satisfaction is an affirmative defense. Defendant has the burden of establishing an accord and satisfaction. *Obremski v Dworzanin,* 322 Mich 285, 290; 33 NW2d 796 (1948). Accord and satisfaction is based on contract principles and is generally contractual in nature. *Fuller v Integrated Metal Technology, Inc,* 154 Mich App 601, 607; 397 NW2d 846 (1986). An "accord" is an agreement between parties to give and accept, in settlement of a claim or previous agreement, something other than that which is claimed to be due, and "satisfaction" is the performance or execution of the new agreement. *Id.* As this Court noted in *Fuller,* however, there is a principle that is peculiar to the law of accord and satisfaction and is not found in the general law of contracts:

> That particular principle relates to a situation where one party tenders an item in full satisfaction of a claim and the other party accepts the thing tendered. In such a situation, an accord and satisfaction may arise regardless of the lack of an agreement between the parties. An accord and satisfaction may be effected by payment of less than the amount which is claimed to be due if the payment is tendered by the debtor in full settlement and satisfaction of the claim. In order to effect an accord and satisfaction under such circumstances, the tender must be accompanied by an explicit and clear condition indicating that, if the money is accepted, it is accepted in discharge of the whole claim. [154 Mich App 607-608.]

The relevant inquiry in such a situation is not whether the creditor accepted a new agreement, but whether the creditor accepted the condition that accompanied the tender. Once the tender itself is accepted, the creditor may be bound by the condition. As our Supreme Court explained in

*Shaw v United Motors Products Co,* 239 Mich 194, 196; 214 NW 100 (1927):

> The applicable rule of law is, if the tender is in full satisfaction of an unliquidated claim, the amount of which is in good faith disputed by the debtor, and the creditor is fully informed of the condition accompanying acceptance, an accord and satisfaction is accomplished if the money tendered is retained; for there can be no severance of the condition from acceptance and it avails the creditor nothing to protest and notify the debtor that the amount tendered is credited on the claim and not accepted in full satisfaction.

Thus, in the present case defendant was required to show (1) its good faith dispute of (2) an unliquidated claim of plaintiff, (3) its tender of money in satisfaction of the claim, and (4) plaintiff's acceptance of the tender. Defendant must also show that plaintiff was fully informed of the condition. This does not mean that defendant must show plaintiff's express acceptance of the condition; rather, the law of accord and satisfaction is that where a creditor accepts a conditional tender, the creditor also assents to the condition. *Shaw, supra.* The law will deem a creditor to have been fully informed where the tender of money in full payment of a disputed claim is made in unequivocal terms. "The law requires that in order to accomplish an accord and satisfaction the statement that is so intended must be clear, full and explicit." *Durkin v Everhot Heater Co,* 266 Mich 508, 513; 254 NW 187 (1934). See also *DMI Design & Mfg, Inc v ADAC Plastics, Inc,* 165 Mich App 205; 418 NW2d 386 (1987).

Upon a grant of summary disposition pursuant to MCR 2.116(C)(7), we will review the validity of the movant's claim by examining any pleadings,

affidavits, depositions, admissions, and documentary evidence filed or submitted by the parties. *Durant v Dep't of Education (On Second Remand),* 186 Mich App 83, 96; 463 NW2d 461 (1990); *Fuller, supra* at 606-607. If the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact, the trial court must render judgment without delay. MCR 2.116(I)(1); *Paterek v 6600 Limited,* 186 Mich App 445, 447; 465 NW2d 342 (1990); *Fuller, supra* at 607.

In this case, plaintiff argues on appeal, as it did below, that issues of fact preclude summary disposition. For example, plaintiff argues that the bank's role in depositing the check raises factual questions of an agency relationship between the bank and plaintiff and whether a "meeting of the minds" occurred. These facts, however, are not found in the pleadings. Furthermore, plaintiff failed to file an affidavit or any documentary evidence setting forth these facts in opposition to defendant's motion. Plaintiff was required to do so under MCR 2.116(G)(4). *McCart v J Walter Thompson USA, Inc,* 437 Mich 109, 115, n 4; 469 NW2d 284 (1991). Plaintiff has also attached documentary evidence to its appellate brief that is not found in the trial court record and will not be considered by this Court on appeal. *Wiand v Wiand,* 178 Mich App 137, 143; 443 NW2d 464 (1989). We need not decide, however, whether an unsupported allegation made at oral argument is sufficient to raise a genuine issue of material fact, because we believe that one undisputed fact requires reversal.

We hold that, standing alone, the notation "Paid in Full" on defendant's check and the accompanying letter were insufficient, as a matter of law, to effect an accord and satisfaction upon negotiation

of the check by plaintiff. The letter stated, in pertinent part:

> To whom it may concern:
>   Enclosed you will find a check in the amount of $2,210. This pays my account with Nationwide in full. This is how I arrived at this figure.

We do not believe that defendant's statements were so clear, unequivocal, and unambiguous that they fully informed plaintiff that its claim would be satisfied upon negotiating the check.

> The tender of a sum less than the contract price, in settlement of a disputed claim, must be accompanied with a statement, not which *may* be understood by the creditor as intended to be in full settlement and satisfaction of the claim, but which *must* be so understood by him. That is, the statement must be so clear, full and explicit that it is not susceptible of any other interpretation. [*Durkin, supra* at 513, quoting *Sanders v Standard Wheel Co,* 151 Ky 257, 262; 151 SW 674 (1912); emphasis added.]

See also *Urben v Public Bank,* 365 Mich 279; 112 NW2d 444 (1961); *Del Serrone Contracting Corp v Avon Twp,* 77 Mich App 82; 257 NW2d 667 (1977); *Frandora Realty, Inc v Grinnell Bros, Inc,* 15 Mich App 217, 222; 166 NW2d 511 (1968). "To constitute an accord and satisfaction in law dependent upon the offer of the payment of money, the offer of money must be made in full satisfaction of the demand or claim of the creditor and be accompanied by such acts or declarations as amount to a condition that if the money is accepted, it is to be in full satisfaction, and it must be of such character that the creditor is bound so to understand the offer." 1 Am Jur 2d, Accord and Satisfaction, § 14, p 312.

The language used in the present case is very similar to that found lacking in *Puett v Walker,* 332 Mich 117; 50 NW2d 740 (1952). *Puett* involved an unliquidated claim arising from the winding up of a joint venture. The defendant had sent the plaintiff a check along with a letter that initially stated: "The enclosed is our final accounting," followed by items of debit and credit, and closed with the statement: "I am enclosing my check for $296.61 which completes the business." *Id.* at 121. The Court found no accord and satisfaction:

> Nowhere in his communication, or by notation on his check, did appellant state or clearly indicate that appellee's keeping the check or its proceeds, would be on condition of its being accepted as a final settlement between the parties rather than in payment of what appellant was willing to admit he owed appellee. [*Puett, supra* at 125.]

In the present case, the mere words "Paid in Full" and "[t]his pays my account with Nationwide in full" are insufficient to put plaintiff on notice of the legal effect intended by defendant upon negotiation of the check. Rather, the language used, as in *Puett,* could as easily be understood to mean that defendant believed he owed no more than the amount tendered with no accord and satisfaction implied. Compare this case to the condition stated in *Fuller, supra.* Because defendant, which has the burden of proving an accord and satisfaction, points to no other proofs than the two statements, we hold as a matter of law that defendant has failed to show an effective accord and satisfaction. See *Del Serrone Contracting Corp, supra;* 1 Am Jur 2d, Accord and Satisfaction, § 18, p 318. It may be possible that other facts, extrinsic to the check and the letter, could be proven by defendant to

show an accord and satisfaction or at least make the issue of accord and satisfaction a question for the jury. *Fritz v Marantette,* 404 Mich 329, 334-335; 273 NW2d 425 (1978). On the record before us, however, it appears that the grant of summary disposition was erroneous.

Finally, because no accord and satisfaction has been shown, plaintiff was not required to tender the check before bringing this action. *Puett, supra* at 125-126. Application of a "tender back" defense to this case presupposes the existence of a valid accord and satisfaction. Indeed, while a plaintiff is required to tender consideration received for the execution of a *release* before beginning an action, *Stefanac v Cranbrook Educational Community (After Remand),* 435 Mich 155; 458 NW2d 56 (1990), it is doubtful that such tender is required where a plaintiff seeks to avoid a *valid* accord and satisfaction and recover the full amount of the original claim, "for the law will not require a person to pay over a sum which is his in any event in order that a judgment may be rendered in his favor for that very sum." 1 Am Jur 2d, Accord and Satisfaction, § 25, p 324. To the extent that such a requirement may be imposed by *Melick v Nauman Vandervoort, Inc,* 54 Mich App 171, 179; 220 NW2d 748 (1974), rev'd on other grounds 393 Mich 774 (1974), we think that *Melick* was wrongly decided. *Chapman v Ross,* 47 Mich App 201; 209 NW2d 288 (1973), relied on by *Melick,* involved a release agreement, not an accord and satisfaction, and does not support the holding in *Melick.*

Reversed and remanded. We do not retain jurisdiction.