*In re* MCI TELECOMMUNICATIONS COMPLAINT
(MCI WORLDCOM NETWORK SERVICES, INC v PUBLIC
SERVICE COMMISSION)

Docket No. 234360. Submitted January 8, 2003, at Lansing. Decided February 18, 2003, at 9:00 A.M.

MCI Telecommunications Corporation filed a complaint in the Public Service Commission against Ameritech Michigan regarding Ameritech's failure to provide intraLATA toll dialing parity. The PSC ordered Ameritech to begin implementing intraLATA toll dialing parity where it was technically possible to do so and to adopt a firm schedule for converting to intraLATA toll dialing parity where immediate implementation was not technically possible. The PSC also required that a fifty-five percent discount on access charges paid by interexchange carriers be imposed where the schedule for converting to intraLATA toll dialing parity was not met. Appeals to the Court of Appeals, 229 Mich App 664 (1998), and the Supreme Court, 460 Mich 396 (1999), culminated in a decision by the Supreme Court that the PSC had authority over intraLATA toll dialing parity before June 1, 1995, that from June 1, 1995, to July 1, 1997, dialing parity was governed by § 312b of the Michigan Telecommunications Act, MCL 484.231b, and that authority over dialing parity returned to the PSC after the repeal of § 312b on July 1, 1997. The PSC issued a decision on January 19, 1999, finding that its order requiring Ameritech to provide the fifty-five percent discount was void for the period between July 26, 1996, and June 30, 1997, and allowing Ameritech to backbill the interexchange carriers for the discount provided during that period. Under the January 19, 1999, order, interexchange carriers could receive the discount only if they passed the entire discount to their customers, and interexchange carriers who helped themselves to the discount would not be eligible to recoup the discounted amounts from Ameritech. The January 19, 1999, order also provided for a fifty-five percent discount in areas where dialing parity was not available, but required interexchange carriers to pass the discount to their customers. Full parity was obtained on May 11, 1999. MCI WorldCom Network Services, Inc., and MCI WorldCom Communications, by cross-appeal, challenged the January 19, 1999, order of the PSC.

The Court of Appeals *held*:

1. The Court of Appeals has jurisdiction over the cross-appeal. The initial appeal, since dismissed, vested the Court with jurisdiction, and MCR 7.207(A)(1) provides a broad right to cross-appeal when an appeal of right is filed in the Court. The subsequent dismissal of the original appeal does not mandate the dismissal of the cross-appeal. MCR 7.207(D).

2. The bar against retroactive ratemaking did not preclude the PSC from allowing Ameritech to bill for a discount that was imposed by an invalid order. The bar against retroactive ratemaking only applies to a change in rates charged by a utility under a lawful order.

3. Because the Supreme Court determined that the PSC did not have the authority to order the discount during the period July 26, 1996, to June 30, 1997, the rate was not a lawful tariff that conclusively determined the rights and liabilities of the parties.

4. In the absence of evidence that Ameritech accepted the partial payments in full satisfaction of the interexchange carriers' debts, the doctrine of accord and satisfaction does not bar Ameritech from seeking full payment.

5. The January 19, 1999, order was not unlawful or unreasonable in precluding the cross-appellants from receiving the discount to which they had helped themselves but did not pass to their customers.

Affirmed.

*Dykema Gossett PLLC* (by *Albert Ernst* and *Robert J. Franzinger*) (*William Single, IV*, and *James R. Denniston*, of counsel) for MCI WorldCom Network Services, Inc.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *David A. Voges* and *Henry J. Boynton*, Assistant Attorneys General, for the Public Service Commission.

*Craig A. Anderson* and *Dickinson Wright PLLC* (by *Michael G. Vartanian, Jeffrey V. Stuckey*, and *Jennifer L. Frye*) for Ameritech Michigan.

Before: MURRAY, P.J., and SAWYER and FITZGERALD, JJ.

PER CURIAM. By cross-appeal, the WorldCom parties seek review of the Public Service Commission order addressing unresolved questions regarding intraLATA toll dialing parity arising out of the Supreme Court's opinion in *In re MCI Telecom Complaint,* 460 Mich 396; 596 NW2d 164 (1999). We affirm.

The background facts are set forth in the Supreme Court's opinion. IntraLATA toll dialing parity refers to the configuration of local exchange switches to permit automatic routing of a customer's local toll calls to a preselected service provider by dialing either 0+ or 1+ the phone number. Without such dialing parity, a customer would have to enter a five-digit code, called a 10xxx prefix, for his call to be handled by a certain provider other than Ameritech. Federal and state statutes, Public Service Commission rulings, and court decisions have all affected the implementation of dialing parity. The Supreme Court resolved the conflicts regarding which authority governed the implementation of parity in different periods and remanded the matter to the PSC for the calculation of the monies due under a fifty-five percent discount ordered by the PSC for certain periods in which dialing parity was not available, when the PSC had authority to impose the discount. *Id.* at 444.

The Supreme Court found that statutory changes resulted in different governing provisions for three periods. Before June 1, 1995, the PSC had authority over intraLATA dialing parity issues. From June 1, 1995, to July 1, 1997, parity was governed by § 312b of the Michigan Telecommunications Act (MTA), MCL 484.2312b. Section 312b was repealed on July 1, 1997, and authority was returned to the PSC. The PSC issued a decision on January 19, 1999, providing for a fifty-

five percent discount in areas in which intraLATA dialing parity was not available, but requiring inter-exchange carriers to pass the discount to their customers. Full parity was obtained on May 11, 1999.

The PSC found that its order requiring Ameritech to provide the fifty-five percent discount was void for the period between July 26, 1996, and June 30, 1997, and it allowed Ameritech to backbill interexchange carriers for the discount provided during that period. The discount was authorized after July 1, 1997, when § 312b expired and control over dialing parity returned to the PSC. Ameritech did not contest the applicability of the discount between July 1, 1997, and the January 19, 1999, PSC order. Under the January 19, 1999, order, interexchange carriers could receive the discount only if they passed the entire discount to their end customers. The PSC found that if a carrier helped itself to the discount, it would not be eligible to recoup the discounted amount from Ameritech. WorldCom had not paid the full access charge, and could not claim the discount.

As a preliminary matter, the PSC argues that this Court lacks jurisdiction over the cross-appeal, because it was untimely filed under MCL 462.26. The statute limits this Court's jurisdiction to appeals filed within a thirty-day appeal period.

While the Legislature has the power to determine the jurisdiction of this Court, the Supreme Court has the exclusive power to prescribe practice and procedure through the court rules. *ABATE v PSC*, 173 Mich App 647, 658-659; 434 NW2d 648 (1988). The initial appeal, since dismissed, vested this Court with jurisdiction. MCR 7.207(A)(1) provides a broad right to cross-appeal when an appeal of right is filed in the

Court. The subsequent dismissal of the original appeal does not mandate the dismissal of the cross-appeal. MCR 7.207(D). The cross-appeal is properly before this Court.

Appellate review of PSC orders is narrow in scope. All rates, fares, regulations, practices, and services prescribed by the PSC are deemed prima facie to be lawful and reasonable. MCL 462.25. The party attacking an order of the PSC bears the burden of proving by clear and satisfactory evidence that the order is unlawful or unreasonable. MCL 462.26(8). A decision of the PSC is unlawful when it involves an erroneous interpretation or application of the law and it is unreasonable when it is unsupported by the evidence. *ABATE v PSC,* 219 Mich App 653, 659; 557 NW2d 918 (1996). To the extent that the decision is based on findings of fact, the challenger must show that those findings are not supported by competent, material, and substantial evidence on the whole record. *Id.* This Court gives due deference to the administrative expertise of the PSC, and will not substitute its judgment for that of the PSC. *Id.*

This appeal concerns two periods where orders of the PSC were changed. During the first period, from July 26, 1996, to June 30, 1997, the PSC had ordered Ameritech to discount its access rates by fifty-five percent in areas where intraLATA toll dialing parity was not in place. The Supreme Court found that the PSC lacked authority to order the discount during this period, and after remand the PSC authorized Ameritech to backbill interexchange carriers to recover the discount.

Cross-appellants advance a number of theories that would preclude the PSC from allowing Ameritech to

recover the discount. The PSC does not have retroactive power over rates. *Valentine v Michigan Bell Tel Co,* 388 Mich 19, 25; 199 NW2d 182 (1972). When estimates prove inaccurate, the previously set rates cannot be changed to correct for the error, and the PSC can only prospectively revise the rates. *Detroit Edison Co v PSC,* 416 Mich 510, 523; 331 NW2d 159 (1982). However, the bar against retroactive ratemaking only applies to a change in rates charged by a utility under a lawful order. *Attorney Gen v PSC,* 206 Mich App 290, 297; 520 NW2d 636 (1994). A refund of monies paid pursuant to an invalid rate order will be mandated if the order is subsequently found to be unreasonable. *Bldg Owners & Managers Ass'n v PSC,* 424 Mich 494, 508; 383 NW2d 72 (1986). The bar against retroactive ratemaking did not preclude the PSC from allowing Ameritech to bill for a discount that was imposed by an invalid order.

Cross-appellants also argue that the discount was part of Ameritech's tariff filed with the PSC and that the tariff conclusively determined the rights and liabilities of the parties. However, where the Supreme Court found that the PSC did not have the authority to order the discount, the rate was not a lawful tariff and Ameritech was not bound by the filed rate doctrine. *Maislin Industries v Primary Steel,* 497 US 116; 110 S Ct 2759; 111 L Ed 2d 94 (1990).

Cross-appellants assert that Ameritech accepted the partial payment in full, and it is barred by the doctrine of accord and satisfaction from seeking additional compensation. The doctrine of accord and satisfaction is based on contract principles. *Nationwide Mut Ins Co v Quality Builders, Inc,* 192 Mich App 643, 646; 482 NW2d 474 (1992). An accord and

satisfaction may be reached by payment of less than the amount that is claimed to be due if the payment is tendered by the debtor in full settlement and satisfaction of the claim. In order to effect such an accord and satisfaction under these circumstances, the tender must be accompanied by an explicit and clear condition indicating that, if the payment is accepted, it is accepted in discharge of the whole claim. *Id.* Where no evidence was presented showing that Ameritech accepted the partial payment in full satisfaction of the debt, cross-appellants failed to meet their burden of showing an accord and satisfaction. The PSC acted lawfully in allowing Ameritech to back bill for the period in which the fifty-five percent discount was improperly applied.

The other contested period, January 20, 1999, to May 11, 1999, was the time between the January 19, 1999, parity order and the date that full intraLATA toll dialing parity was attained. Section 312b had been repealed, and authority to regulate dialing parity was returned to the PSC. In the January 19th order, the PSC found that the failure to provide dialing parity rendered inferior service to the end customers, and it ordered a fifty-five percent discount in areas where parity was not provided. Because the end customer received the inferior service, the PSC required the discount to be passed on to the customers, and not retained by the carrier.

The PSC order in this case precluded cross-appellants from receiving the discount because they had exercised self-help and imposed the discount in making their payments to Ameritech. Cross-appellants assert that they were improperly penalized for failing to comply with the January 19th order, where this

Court had issued a stay of proceedings in the appeal of that order. The prior order, which remained in effect, provided for the discount without a pass through requirement. Cross-appellants did not appeal the January 19th order, and the pass through requirement was not challenged.

The PSC determined that there was no reason to impose a discount in access rates if the carriers were going to retain the discount. The discount was clearly linked with the pass-through requirement. Cross-appellants helped themselves to the discount, but did not pass it on to their customers. The sole basis for the discount was the inferior service received by customers who suffered a lack of dialing parity. Cross-appellants were not entitled to the discount and they failed to meet the burden of showing that the PSC order was unlawful or unreasonable.

Affirmed.