*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

FOSTER JUNIOR PATTON,

Defendant-Appellant.

UNPUBLISHED
September 26, 2019

No. 341568
Oakland Circuit Court
LC No. 2016-259623-FH

Before: O'BRIEN, P.J., and BECKERING and LETICA, JJ.

PER CURIAM.

Defendant, Foster Junior Patton, appeals as of right his jury trial convictions for first-degree home invasion, MCL 750.110a(2), assault with a dangerous weapon (felonious assault), MCL 750.82(1), and possession of a firearm when committing a felony (felony-firearm), MCL 750.227b(1). The trial court sentenced defendant to 87 months' to 20 years' imprisonment for the first-degree home invasion conviction, two to four years' imprisonment for the felonious assault conviction, and 2 years' imprisonment for the felony-firearm conviction. We affirm.

This incidents giving rise to this case stem from a missing plant. Defendant and the victim, Doretha McCaleb, are neighbors. After defendant visited McCaleb's home to procure a cigarette from her, she later noticed that one of her plants was missing. She confronted defendant outside of his apartment, and the two argued, but McCaleb eventually returned to her apartment and called 911. Defendant then entered McCaleb's apartment and assaulted her while she was on the phone with the 911 dispatcher. He left the apartment before police officers arrived, but was later apprehended outside McCaleb's apartment after attempting to run away from police officers. An officer discovered a small-caliber revolver in the area in which defendant was standing before he started running. Defendant was arrested and charged, and after a four-day trial, the jury found him guilty of the above-charged offenses.

## I. MOTION FOR DIRECTED VERDICT

Defendant first argues that the trial court erred in denying his motion for a directed verdict at trial. We disagree.

When reviewing a trial court's decision on a motion for a directed verdict, this Court reviews the record de novo to determine whether the evidence presented by the prosecutor, viewed in the light most favorable to the prosecutor, could persuade a rational trier of fact that the essential elements of the crime charged were proved beyond a reasonable doubt. [*People v Quinn*, 305 Mich App 484, 491; 853 NW2d 383 (2014) (quotation marks and citation omitted).]

This Court reviews questions of law, such as matters of statutory construction, de novo. *People v Pace*, 311 Mich App 1, 4; 874 NW2d 164 (2015). "Determining the elements of a crime is also a question of law that we review de novo." *Id*.

MCR 6.419(A) states:

After the prosecutor has rested the prosecution's case-in-chief or after the close of all the evidence, the court on the defendant's motion must direct a verdict of acquittal on any charged offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

It appears that defendant's position in the trial court and on appeal is that there was insufficient evidence for any of the charges to be submitted to the jury.

According to MCL 750.110a(2),

A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:

(a) The person is armed with a dangerous weapon.

(b) Another person is lawfully present in the dwelling.

In pertinent part, MCL 750.82(1) provides that "a person who assaults another person with a gun . . . without intending to commit murder or to inflict great bodily harm less than murder is guilty of a felony. . . ." The elements of felonious assault are: "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). Finally, "[t]he elements of felony-firearm are that the defendant possessed a firearm during the commission of, or the attempt to commit, a felony." *Id*.

-2-

In this case, McCaleb testified that defendant kicked her door open, entered her apartment, and physically assaulted her with a gun. She also indicated that she was afraid the gun would discharge. Moreover, the jury heard the audio recording of the 911 call. During the call, a person in the background threatened to "blow [the victim's]. . . brains out . . . ." McCaleb also demanded that this person stop hitting her and leave her apartment. At trial, McCaleb identified defendant as her assailant during the 911 call. Although defendant argues that McCaleb's testimony was inconsistent and confusing, she specifically testified that defendant entered her apartment without her permission, that he possessed a handgun, and that he hit her with that gun. The jury was tasked with assessing her credibility. See *People v Lemmon*, 456 Mich 625, 637; 576 NW2d 129 (1998). Viewing the evidence in a light most favorable to the prosecution, a reasonable juror could conclude that defendant was guilty of first-degree home invasion, felonious assault, and felony-firearm considering McCaleb's testimony and the recording of the 911 call. See *Quinn*, 305 Mich App at 491. As a result, the evidence presented by the prosecution was sufficient and the trial court properly denied defendant's motion for a directed verdict. See *id*.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant raises several claims of ineffective assistance of counsel. In the trial court, defendant filed a motion for a new trial or an evidentiary hearing, arguing that his counsel was deficient for failing to call McCaleb's neighbor, Damian Bland, to testify at trial. Following a hearing, the trial court denied defendant's motion, concluding that counsel's decision not to call Bland was a matter of trial strategy. Defendant did not raise any of the other grounds that he now raises on appeal.

"Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). The trial court's "factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo." *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004). However, because the trial court denied defendant's motion for remand on one ground and defendant failed to raise the other grounds at any point in the trial court, this Court's review of his ineffective assistance of counsel claim is limited to errors apparent on the record. See *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714.

To prevail on a claim of ineffective assistance of counsel, a defendant must establish that "(1) the performance of his counsel was below an objective standard of reasonableness under prevailing professional norms and (2) a reasonable probability exists that, in the absence of counsel's unprofessional errors, the outcome of the proceedings would have been different." *People v Sabin (On Second Remand)*, 242 Mich App 656, 659; 620 NW2d 19 (2000). "A defendant must overcome a strong presumption that the assistance of his counsel was sound trial strategy, and he must show that, but for counsel's error, the outcome of the trial would have been different." *Id*.

Defendant first contends that his counsel was ineffective for failing to call Bland at trial because he would have contradicted some aspects of McCaleb's testimony regarding the altercation that occurred outside defendant's apartment.

"Decisions regarding what evidence to present and whether to call or question witnesses are presumed to be matters of trial strategy." *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *Id*. at 76-77. "[T]he failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *People v Dixon*, 263 Mich App 393, 398; 688 NW2d 308 (2004).

Bland testified at the preliminary hearing, but he was not called to testify at trial. Although it is true that Bland's preliminary hearing testimony differed from McCaleb's trial testimony in some respects, he did not observe the incident that occurred in McCaleb's apartment, which was the focus at trial. In fact, the prosecution did not ask McCaleb about the events that occurred outside of defendant's apartment on direct examination. In other words, although a description of these events provides some background, defendant was not charged as a result of any of his alleged actions before the 911 call.

Moreover, as pointed out by the prosecution, there was risk involved in calling Bland to testify. First, he positively identified the gun that was discovered by the police as the gun that defendant possessed. Second, he observed McCaleb and defendant arguing outside of defendant's apartment. He said they were both angry. On the audio recording of the 911 call initiated by McCaleb, the other person who can be heard in the room accused McCaleb of coming to his house and disrespecting him. He also stated that he did not have McCaleb's plant. Ultimately, Bland's testimony would have provided additional evidence to support McCaleb's claim that defendant was the person who came into her apartment and assaulted her with a gun. As a result, defendant has failed to overcome the presumption that the decision not to call this witness to testify was a matter of trial strategy. See *Rockey*, 237 Mich App at 76. Further, defendant has not shown that failing to call Bland deprived him of a substantial defense. See *Dixon*, 263 Mich App at 398. Accordingly, he has failed to show that his counsel was deficient in this regard. See *Sabin (On Second Remand)*, 242 Mich App at 659.

Defendant's similar contention that his counsel was ineffective for failing to call defendant's girlfriend, Gwendolyn Hannah, to testify is also without merit. It is unclear as to what, specifically, Hannah would have offered in regard to trial testimony,[1] but her observations would relate to uncharged conduct. Even if Hannah would have testified that she did not see defendant with a gun, she observed the argument outside defendant's house between McCaleb and defendant. The person overheard in the 911 call accused McCaleb of coming to his home and disrespecting him in front of "[his] woman." Accordingly, there were similar risks involved with calling Hannah to testify, and defendant has not established that defense counsel was ineffective for failing to call her as a witness. See *id*.

___

[1] Defendant attached sections of the police report to his brief. However, these documents were not submitted to the trial court as exhibits and they are not included in the lower court record. Therefore, this Court cannot consider them on appeal. See *Nationwide Mut Ins Co v Quality Builders, Inc*, 192 Mich App 643, 648; 482 NW2d 474 (1992).

Defendant next argues that his counsel was ineffective for failing to use McCaleb's prior inconsistent statements to impeach her. Decisions concerning the cross-examination and impeachment of witnesses are matters of trial strategy. See *Payne*, 285 Mich App at 189-190. A defense counsel's failure to impeach a witness on all contradictory prior statements does not constitute ineffective assistance of counsel. See *id*. Rather, "[c]ounsel may provide ineffective assistance if counsel unreasonably fails to develop the defendant's defenses by adequately impeaching the witnesses against the defendant." *People v Lane*, 308 NW2d 446, 465; 862 NW2d 446 (2014).

In this case, McCaleb's trial testimony was inconsistent and difficult to follow. The jury heard her version of the events and was permitted to make its own determination as to her credibility. In closing arguments, defense counsel acknowledged that something happened to McCaleb, but contended that there was reasonable doubt that defendant was the perpetrator. Defense counsel argued that McCaleb's testimony was inconsistent and confusing. He contended that her "story" did not "hang together strongly enough" for the jury to find defendant guilty of any of the charged offenses. As a result, the view that McCaleb was not entirely believable because she was inconsistent in describing the incident was presented to the jury. We do not believe that defense counsel using specific instances of inconsistent testimony to impeach her would have further developed the defense, considering that the jury had already heard several inconsistencies in her trial testimony. See *id*. Therefore, defendant has not established that defense counsel was deficient for this reason. See *Sabin (On Second Remand)*, 242 Mich App at 659.

Defendant also argues that his counsel was ineffective for failing to object to the admission of the recording of the 911 call at trial without corroboration that the other voice on the recording belonged to defendant. At the beginning of trial, defense counsel acknowledged that the 911 call was admissible pursuant to the Michigan Rules of Evidence.

"The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." MRE 901(a). Pursuant to MRE 901(b)(5), "[i]dentification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker" satisfies the requirement of authentication or identification. "[A] tape ordinarily may be authenticated by having a knowledgeable witness identity the voice on the tape." *People v Berkey*, 437 Mich 40, 50; 467 NW2d 6 (1991).

In this case, it was unclear how well McCaleb knew defendant. However, she explained that he stopped by her apartment asking for a cigarette before she noticed that her plant was missing. Additionally, at some point, McCaleb stated that defendant had approached her asking for a gun. She also argued with defendant outside of his apartment, so she knew where he lived. More importantly, both at the scene and at trial, McCaleb identified defendant as the person who came into her apartment and assaulted her while she was on the phone with the 911 dispatcher. Therefore, the recording was properly authenticated pursuant to MRE 901(b)(5). Moreover, questions relating to the credibility of McCaleb's identification of defendant's voice on the recording concerned the weight of the evidence rather than its admissibility. See *Berkey*, 437

Mich at 52. Consequently, defendant has failed to show that defense counsel was deficient in this regard. See *Sabin (On Second Remand)*, 242 Mich App at 659.

Defendant claims that his trial counsel was ineffective for failing to investigate an insanity defense "despite obvious evidence of defendant's mental illness." Defendant contends that his counsel should have sought a referral for a criminal responsibility examination, which he believes would have led to a finding that he had a viable insanity defense. He provides no further explanation or citation to the law or the record, however, in support of his contention. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Defendant has not properly presented this issue for appellate review, and we decline to address it. *Id*.

Finally, defendant argues that his trial counsel was ineffective for failing to investigate his competency to stand trial. As defendant also raises claims regarding the trial court's failure to order a competency evaluation, we will address this issue in the next section.

Even if defendant were able to establish that his trial counsel's conduct fell below an objective standard of reasonableness in the ways he contends, he has not shown that, in the absence of such errors, a reasonable probability exists that there would be a different outcome. See *Sabin (On Second Remand)*, 242 Mich App at 659. First, the jury heard the 911 recording in which a male voice is threatening McCaleb, and the recording captures sounds consistent with an assault, which McCaleb's remarks also reflect. McCaleb unequivocally identified defendant as the perpetrator. Second, a police officer observed defendant in the proximity of McCaleb's apartment. Defendant ran from police officers and a gun was discovered in the area in which he was standing before he ran. After defendant was arrested, he admitted that he was in McCaleb's apartment. Considering the evidence presented at trial, defendant has not shown that any of the alleged deficiencies in defense counsel's performance made a difference in the outcome of his trial. See *id*. Accordingly, defendant has not shown that his counsel was ineffective. See *id*.

III. COMPETENCY

In his Standard 4 brief[2], defendant raises claims related to his competency to stand trial. Generally, constitutional questions such as this are reviewed de novo. *People v Pipes*, 475 Mich 267, 274; 715 NW2d 290 (2006). However, this issue is unpreserved because defendant failed to raise it in the trial court. Therefore, defendant's "unpreserved claim of constitutional error is reviewed for plain error affecting substantial rights." *Id*. Plain error requires that: "1) [an] error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "The third

---

[2] Defendant filed a pro se supplemental brief pursuant to Supreme Court Administrative Order No. 2004-6.

requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id*.

Pursuant to MCL 330.2020(1),

A defendant to a criminal charge shall be presumed competent to stand trial. He shall be determined incompetent to stand trial only if he is incapable because of his mental condition of understanding the nature and object of the proceedings against him or of assisting in his defense in a rational manner. The court shall determine the capacity of a defendant to assist in his defense by his ability to perform the tasks reasonably necessary for him to perform in the preparation of his defense and during his trial.

In pertinent part, MCL 330.2024 states that "[t]he issue of incompetence to stand trial may be raised by the defense, court, or prosecution." This Court has stated that "a trial court has the duty of raising the issue of incompetence where facts are brought to its attention which raise a 'bona fide doubt' as to the defendant's competence." *People v Kammeraad*, 307 Mich App 98, 138; 858 NW2d 490 (2014) (quotation marks and citation omitted). "Evidence of a defendant's irrational behavior, a defendant's demeanor, and a defendant's prior medical record relative to competence are all relevant in determining whether further inquiry in regard to competency is required." *Id*. at 139.

In this case, there were not any concerns raised regarding defendant's competency at trial. At sentencing, defense counsel made the following statement:

And I do want to make reference in the PSI, there is some reference in here from his prison records that there is some mentally—mental impairment and some cognitive limitations, which I think is evident, that might obviously call into question [defendant's] processing sometimes. I know his record it is significant. He's had to suffer consequences with that as well.

This assessment appears to be based on the following paragraph in the Evaluation and Plan section of the Presentence Investigation Report (PSIR):

The defendant only completed the 8th grade and never attended high school or obtained his GED Certificate. According to parole case notes the defendant is illiterate and was diagnosed as mentally impaired with limited cognitive capability. It should be noted the defendant did not complete the Presentence Packet prior to his interview and stated he had difficulty understanding the questions. The defendant did provide information to the best of his ability during the interview but did struggle with correct spelling of names of family members, girlfriend and previous employment.

At any rate, defendant has not provided any medical documentation or any other evidence substantiating his claim that he was mentally incompetent to stand trial. Although the PSIR noted that defendant suffered from some cognitive limitations, defendant has not shown that those limitations made him incapable of understanding the nature of the proceedings against him

-7-

or of assisting in his defense in a rational manner. In fact, defendant spoke eloquently at his sentencing hearing. The record supports that defendant understood the nature of the proceedings against him and was capable of assisting in his defense. See MCL 330.2020(1). Accordingly, the trial court did not violate defendant's due-process rights by failing to order a competency examination. See *Kammeraad*, 307 Mich App at 138.

Because there is nothing in the record to indicate that defendant was incompetent to stand trial, his correlative claim that defense counsel was ineffective for failing to obtain a competency examination is also without merit. See *People v Riley*, 468 Mich 135, 142; 659 NW2d 611 (2003) ("Ineffective assistance of counsel cannot be predicated on the failure to make a frivolous or meritless motion.").

Affirmed.


/s/ Colleen A. O'Brien
/s/ Jane M. Beckering
/s/ Anica Letica

-8-